NICHOLAS LEPF, PETITIONER, PROSECUTOR IN CER-
TIORARI, v. CHAMBERSBURG BUILDING AND LOAN
ASSOCIATION, RESPONDENT, DEFENDANT IN CER-
TIORARI.

Submitted May 3, 1938—Decided August 17, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the petitioner-prosecutor, *George H. Bohlinger, Jr.* (*Walter D. Cougle,* of counsel).

For the respondent-defendant, *Henry M. Hartmann.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of *certiorari* brings up for review an order of the Court of Common Pleas of Mercer county dismissing the appeal of a workman in a compensation case.

The factual situation seems not in dispute.   It is thus stated in the brief of the petitioner, the prosecutor of this writ: Nicholas Lepf filed his petition for compensation with the Workmen's Compensation Bureau on March 17th, 1935,

alleging that he was injured while employed by the Chambersburg Building and Loan Association, the respondent. After formal hearing that petition was dismissed on October 1st, 1935. The petitioner filed and served a notice of appeal on November 7th, 1935, with a transcript of the testimony taken before the deputy commissioner; but the transcript of the record was never transmitted to the Court of Common Pleas.

The hearing of the appeal was fixed for December 6th, 1935, and due notice thereof was given; but the petitioner did not appear and nothing was done, and no subsequent date for·the hearing was fixed. On January 19th, 1937, the original attorney of the petitioner died. On April 9th, 1937, the present attorney of the petitioner moved for a continuance of the cause and at the same time the respondent moved to dismiss the appeal on the ground that the court lacked jurisdiction and that the petitioner had failed to comply with the statute and had not prosecuted his appeal nor taken any legal steps therein for more than a year then last passed. On April 12th, 1937, the judge of the Pleas dismissed the appeal. On July 23d, 1937, the prosecutor moved the Pleas to reconsider the dismissal and to reinstate the appeal. The court denied that motion; but the application was renewed by petition for a rule to show cause based upon the same affidavits. That application was denied by the Pleas on January 24th, 1938.

It will thus be seen that from November 7th, 1935, when the notice of appeal was filed, until April 9th, 1937, when an order of continuance was applied for (a period of seventeen months), no action was taken by the prosecutor; moreover the appeal was never perfected, the record in the Compensation Bureau never having been transmitted to the clerk of the Common Pleas.

The prosecutor's contention throughout seems to be that the order was illegal and oppressive to the prosecutor and was an abuse of discretion. We think not.

We think that the order dismissing the appeal was not illegal nor legally oppressive. It was plainly authorized by chapter 149 of the laws of 1918, section 19, as re-enacted by

*Pamph. L.* 1932, *ch.* 25, *p.* 38, which provides *inter alia* that "any such appeal may be dismissed by the judge of the Court of Common Pleas if the transcript of the *record* and testimony is not transmitted, or if the appeal is not prosecuted in accordance with the provisions of this act." We have pointed out that the petitioner did not transmit to the clerk of the Common Pleas Court a transcript of the record and did not prosecute the appeal in accordance with the provisions of the act.

That the discretion thus reposed in the judge was properly exercised is clearly indicated by the fact that the appeal was never perfected, and the delay of seventeen months in the prosecution thereof. The manifest clear intent of the statute is to secure an expeditious determination of the controversy. It was incumbent upon the petitioner to present his case upon the date fixed for the hearing, or to continue it by stated adjournment in regular manner upon the records of the court, either by consent of the defendant, or by an application made upon notice to the other side, so that defendant would have notice of the proceeding, and be cognizant of the status of the case. This, as we have pointed out, the petitioner failed to do, and such failure justified the dismissal. *Hvizdock* v. *Brock's Garage,* 117 *N. J. L.* 352; *Serbe* v. *McCracken,* 4 *N. J. Mis. R.* 482; 133 *Atl. Rep.* 924; *Ringwalt* v. *Liquor,* 89 *N. J. L.* 452; *Smolska* v. *Court of Common Pleas,* 6 *N. J. Mis. R.* 160; 140 *Atl. Rep.* 453; *affirmed,* 105 *N. J. L.* 247.

But the prosecutor says that these cases have been superseded by *Pamph. L.* 1929, *ch.* 66, *p.* 105. We think not. That statute merely revised the policy as to petitions before the bureau and provides that they may be dismissed for lack of prosecution only on notice and motion, with opportunity for the petitioner to move for hearing. Of course an order dismissing the original petition is very different from an order dismissing an appeal. In the former case the petitioner had not had his day in court, and the legislature has. for that reason, seen fit to be lenient; but it has not seen fit to modify the rule as to unprosecuted appeals as stated in section 19 of the Workmen's Compensation law re-enacted in 1932.

The record discloses no facts in support of the contention that the order dismissing the appeal was an' abuse of discretion. The affidavits seeking to bring to our attention an alleged oral arrangement between counsel out of court with respect to the conduct of the action we cannot consider because not in writing as required by section 11 of the Practice act. *Comp. Stat., p.* 4054.

The present attorneys of the prosecutor claim that the original attorney was negligent. If so, the law provides a remedy, but not by way of the prosecution of an unperfected appeal at this late day.

The order of the Common Pleas Court dismissing the appeal is affirmed, but without costs.