MELVIN TAYLOR *v.* CARL ROBINSON, WARDEN, CONNECTICUT CORRECTIONAL INSTITUTION, SOMERS, ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued June 10—decision released September 21, 1976

*Richard Foster,* with whom, on the brief, were *Igor I. Sikorsky* and *Robert Brill,* for the appellant (plaintiff).

*Stephen J. O'Neill,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellees (defendants).

BARBER, J. The plaintiff has appealed from a judgment of the Superior Court denying his application for a writ of habeas corpus. In his application, the plaintiff alleged that he was an inmate at the Connecticut correctional institution at Somers, that he had been denied parole on not less than four occasions, and that the procedures followed by the board of parole at parole release hearings complied with neither the Uniform Administrative Procedure Act (c. 54 of the General Statutes, hereinafter referred to as UAPA) nor the due process clauses of the United States and Connecticut constitutions. In his prayer for relief, he requested the court to order that he either be granted a parole release hearing conforming to the UAPA and complying with the mandates of due process or, in the alternative, that he be immediately released from custody.[1] In denying the application, the trial court determined that the UAPA did not apply to parole release hearings, and that the usual procedures followed at such hearings did satisfy the minimum requirements of due process. On appeal, the plaintiff has challenged both of these conclusions.

[1] The defendants filed a special defense, claiming that habeas corpus relief was not appropriate under the circumstances alleged, because the application did not challenge the validity of the judgment under which the plaintiff was confined, nor did it challenge the jurisdiction of the court which rendered that judgment. Cf. *Flaherty* v. *Warden,* 155 Conn. 36, 40, 229 A.2d 362. The trial court resolved this issue in favor of the plaintiff and that ruling has not been challenged on appeal.

I

The plaintiff's claim that the procedures followed by the board of parole at parole release hearings do not comply with the minimum requirements of the due process clauses is not properly before this court. The trial court's finding of fact, stipulated to by the parties, merely recites in general terms the usual procedures followed by the board of parole and does not disclose whether these usual procedures were actually followed by the board in considering the plaintiff's eligibility for parole. Nor does it appear that the plaintiff offered any evidence that the procedures actually followed in his particular case resulted in a denial of his rights to due process of law. Questions of constitutional law presented in abstract rather than concrete form are not susceptible of proper determination. *Kellems* v. *Brown,* 163 Conn. 478, 497, 313 A.2d 53, appeal dismissed, 409 U.S. 1099, 93 S. Ct. 911, 34 L. Ed. 2d 678; *Adams* v. *Rubinow,* 157 Conn. 150, 152, 251 A.2d 49; *State* v. *Sul,* 146 Conn. 78, 81, 147 A.2d 686; see 1 Antieau, Modern Constitutional Law § 15.21. In this case, the record discloses no substantial injury to the plaintiff from any concrete ruling involving minimum due process requirements. "This court does not sit to determine questions where the record shows that at most only remote or possible injuries can be suffered from leaving undisturbed the judgment of the lower court." *Winchester Repeating Arms Co.* v. *Radcliffe,* 134 Conn. 164, 168, 56 A.2d 1. We, therefore, do not consider the due process claims raised by the plaintiff.

## II

In the interim between the trial court's judgment and the perfection of this appeal, the plaintiff has been granted parole. Under similar circumstances, the United States Supreme Court has dismissed challenges to parole board procedures as moot. *Weinstein* v. *Bradford,* 423 U.S. 147, 96 S. Ct. 347, 46 L. Ed. 2d 350; *Regan* v. *Johnson,* 419 U.S. 1015, 95 S. Ct. 488, 42 L. Ed. 2d 289, vacating *United States ex rel. Johnson* v. *Chairman, New York State Board of Parole,* 500 F.2d 925 (2d Cir.). Despite the plaintiff's lack of an immediate interest in the outcome of this appeal, we are persuaded that we should consider the merits of the plaintiff's claim that the UAPA is applicable to parole release hearings. Recently, in *Liistro* v. *Robinson,* 170 Conn. 116, 365 A.2d 109, we reached the merits of the plaintiffs' claim that they were entitled to bail pending the outcome of parole revocation proceedings, even though, by the time the appeal was argued, the proceedings to revoke the plaintiffs' parole had been completed. We noted (p. 121) that "[t]he single issue involved is one which is 'capable of repetition, yet evading review.' *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission,* 219 U.S. 498, 515, 31 S. Ct. 279, 55 L. Ed. 310 . . . . It directly affects the ongoing parole program of the state's penal system, and could very well affect the petitioners . . . . Hence, practical relief can follow directly from our decision and 'the public importance of the question involved makes it desirable that we decide the point.' *Winnick* v. *Reilly,* 100 Conn. 291, 296, 123 A. 440."

Similar considerations are involved in the present appeal. The board of parole conducts some 1700

parole release hearings each year, and the issue of whether the procedures mandated by the UAPA apply to those hearings is obviously one of considerable public interest and both parties seek a determinative resolution. The trial court decision in this case has been relied upon in dismissing the relief sought in at least eleven other applications for a writ of habeas corpus. Also, in view of § 54-126 of the General Statutes, which authorizes the commissioner of corrections to retake and imprison a paroled convict upon violation of parole conditions, a determination of the issue presented on appeal might well affect the plaintiff upon a later application to be reparoled. We shall, therefore, consider the merits of the plaintiff's appeal, although our discussion is limited to the single issue of whether the UAPA applies to parole release hearings.

### III

The UAPA "applies to all agencies and agency proceedings not expressly exempted"; § 4-185; and mandates the procedures to be followed by such agencies in the adoption of regulations; §§ 4-168 through 4-176; and in conducting hearings on "contested cases"; §§ 4-177 through 4-184. The plaintiff claims that a parole release hearing is a contested case to which the appropriate provisions of the UAPA apply. In determining the merits of this claim, we must consider (1) whether the board of parole is a nonexempt "agency"; and (2), if so, whether a parole release hearing is a "contested case."

An "agency" is defined for purposes of the UAPA as "each state board, commission, department or officer . . . authorized by law to make regulations or to determine contested cases."

§ 4-166 (1). The board of parole, as established by §§ 54-124a through 54-126 of the General Statutes, is an autonomous body "within the department of correction for fiscal and budgetary purposes only" and consists of a chairman and ten other members who are assigned by the chairman to sit on panels of three members each, which panels serve as the paroling authorities of the state correctional institutions. § 54-124a. The panel may, in its discretion, permit an inmate who has served his minimum term to go at large on parole, provided the panel is satisfied that there is a reasonable probability that the inmate will remain at liberty without violating the law, and is satisfied that parole is "not incompatible with the welfare of society." § 54-125. The board of parole is authorized to "establish such rules and regulations as it deems necessary," and a panel may establish special rules governing the release of any particular inmate. § 54-126. Section 18-78 of the General Statutes provides that the board of parole shall be a part of the department of correction and § 18-78a provides that the UAPA shall apply to the department, except that "cases involving disciplinary action, classifications and out-of-state transfers" are not required to be determined in accordance with the procedures mandated for contested cases. § 18-78a (b). Without resolving the apparent inconsistency between § 54-124a and §§ 18-78 and 18-78a, we assume, for the purposes of this decision, that the board of parole is an "agency." Such an assumption is not dispositive of the issues presented on appeal, however, for it remains to be determined whether a parole release hearing is a contested case.

A "contested case" is defined as "a proceeding . . . in which the legal rights, duties or privileges

of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." § 4-166 (2). A parole release hearing obviously qualifies as a proceeding "in which a hearing is in fact held," and parole may arguably be characterized as a "privilege" of the inmate.[2] The third criterion for classification as a "contested case," however, is not met by a parole release hearing because there is no statutory requirement that the parole board determine the eligibility for parole of any particular prisoner.

The sole statute concerning parole, § 54-125, simply provides that an inmate who has served his minimum sentence "may be allowed to go at large on parole in the discretion of the panel of the board of parole for the institution in which the person is confined." There is no statutory requirement that the panel actually consider the eligibility of any inmate for parole, the statute does not vest an inmate with the right to demand parole, and there is no statutory provision which even permits an inmate to apply for parole. The only statutory limits upon the discretion of the board of parole are the requirement that the inmate serve his mini-

---

[2] Compare *In re Schoengarth,* 66 Cal. 2d 295, 300, 425 P.2d 200 (characterizing parole as a "privilege") and *Berry v. Parole Board,* 148 Colo. 547, 548, 367 P.2d 338, cert. denied, 370 U.S. 927, 82 S. Ct. 1569, 8 L. Ed. 2d 507 (holding that "parole is a mere matter of grace, favor, or privilege") with Donnelly, "The Connecticut Board of Parole," 32 Conn. B.J. 26, and comment, "The Parole System," 120 U. Pa. L. Rev. 282, 294 (parole is neither a right nor a privilege, but the implementation of a correctional policy). See *Morrissey v. Brewer,* 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484, a case dealing with parole revocation rather than parole release, which comments: "It is hardly useful any longer to try to deal with this problem [parole revocation] in terms of whether the parolee's liberty is a 'right' or a 'privilege.'"

mum sentence, that it appear that the inmate will remain at liberty without violating the law, and that the release of the inmate not be incompatible with the welfare of society. § 54-125. The statute does not deposit a power with an agency for the benefit of specifically designated persons, and does not establish the conditions upon which these persons would be entitled to call for the exercise of the power, as in *State ex rel. Markley* v. *Bartlett,* 130 Conn. 88, 94, 32 A.2d 58. For even if the inmate has complied with the minimum requirements of § 54-125, the statute does not require the board to determine his eligibility for parole. The parole situation thus bears little resemblance to those cases in which we have held that the UAPA provisions concerning contested cases do apply. *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 373, 355 A.2d 265, and *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 363 A.2d 103, both involved hearings which were statutorily required to be held before dismissing a tenured teacher. §§ 10-151 (b), 5-242.

We conclude that there is no statutory requirement that the board of parole determine the eligibility for parole of any particular inmate, and that a parole release hearing is therefore not a "contested case" to which the provisions of the UAPA apply. This is not to say that a qualified inmate has no constitutional right to a parole release hearing or that an inmate has no due process rights at a parole release hearing. See *Childs* v. *United States Board of Parole,* 511 F.2d 1270, 1279 (D.C. Cir.). We hold only that the procedures which the UAPA requires for "contested cases," which procedures exceed the minimal procedural safeguards mandated by the due process clause;

*Haymes* v. *Regan,* 525 F.2d 540 (2d Cir.) ; *La Bonte* v. *Gates,* 406 F. Sup. 1227 (D. Conn.) ; are not statutorily required at parole release hearings.

There is no error.

In this opinion the other judges concurred.