Thomas B. Adamchek *v.* Board of Education of
the Town of Stamford

Judith Flynn *v.* Board of Education of the
Town of Stamford

House, C. J., Loiselle, Bogdanski, Longo and Speziale, Js.

Argued December 14, 1977—decision released March 7, 1978

*Beverly J. Hodgson,* with whom was *Richard A. Bieder,* for the appellant (defendant in each case).

*Robert L. Krechevsky,* with whom were *Martin A. Gould* and, on the brief, *William F. Striebe, Jr.,* for the appellee (plaintiff in each case).

BOGDANSKI, J. The above cases arise from the action of the defendant board of education in not renewing the teaching contracts of the plaintiffs. The plaintiffs, who are nontenured teachers, appealed the board's decision to the Court of Common Pleas. That court sustained the appeals and ordered the plaintiffs reinstated with back pay and benefits lost since termination. From the judgments rendered, the board appealed to this court. Since the cases involve similar facts and identical issues, we treat them in one opinion.

Because the court heard no evidence and decided the appeals on the record, the trial court deemed it unnecessary to make a finding of fact. The assignments of error directed at a finding of fact, therefore, are inappropriate.

The trial court concluded that the board failed to comply with certain provisions of the Uniform Administrative Procedure Act (hereinafter the UAPA);[1] that it failed to provide the plaintiffs with adequate statements of the reasons for its nonrenewal of the contracts, as required by § 10-151a and § 4-177 (b) (4) of the General Statutes; and that the statement of the reasons did not afford sufficient notice to constitute due process of law.

[1] Sections 4-166—4-189 of the General Statutes.

On the appeal before us, the board claims that the court lacked jurisdiction over the appeals either under § 10-151 of the General Statutes or pursuant to the UAPA; that the termination of nontenured teachers was not subject to the provisions of the UAPA; and that remand, not reinstatement, was the proper remedy for any procedural defect in the proceedings before the board.

We first address ourselves to the jurisdictional issue. The board argues that nontenured teachers have no right of appeal to the Court of Common Pleas. It is well settled that § 10-151 of the General Statutes gives no right of appeal to a nontenured teacher. *Ames* v. *Board of Education,* 167 Conn. 444, 356 A.2d 100; *Miller* v. *Board of Education,* 166 Conn. 189, 348 A.2d 584.

On the other hand, a board of education is required by statute to hold a hearing before dismissing a nontenured teacher;[2] therefore, following the rationale of this court in *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 355 A.2d 265, a nontenured teacher would have had a right of appeal pursuant to the UAPA. See also *Light* v. *Board of Education,* 170 Conn. 35, 39 n.2, 364 A.2d 229.

---

[2] "[General Statutes] Sec. 10-151. EMPLOYMENT OF TEACHERS. NOTICE AND HEARING ON TERMINATION OF CONTRACT. (a) . . . Such teacher may, upon written request filed with the board of education within ten days after the receipt of such notice, be entitled to a hearing before the board or, if indicated in such request and if designated by the board, before an impartial hearing panel established and conducted in accordance with the provisions of subsection (b) of this section, but without the right to appeal provided in subsection (f) of this section, such hearing to be held within fifteen days of such request. The teacher shall have the right to appear with counsel of his choice at such hearing."

Since the present controversies arose, however, the legislature has specifically excepted town and regional boards of education from the ambit of the UAPA. 1975 Public Acts, No. 75-529. That exception, however, does not affect the present proceedings. General Statutes § 1-1 (u). "Statutes should be construed retroactively only when the mandate of the legislature is imperative." *Little* v. *Ives,* 158 Conn. 452, 457, 262 A.2d 174; *Michaud* v. *Fitzryk,* 148 Conn. 447, 449, 171 A.2d 397. There is nothing in 1975 Public Acts, No. 75-529, to indicate that it was designed to act retroactively. The court did not err in entertaining jurisdiction of the appeals.

We next address ourselves to the procedural due process claim. "[W]here a party appeals pursuant to the jurisdictional grant of the UAPA, the agency action is measured by the standards contained within the UAPA." *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 441, 363 A.2d 103. The procedures required by the UAPA exceed the minimal procedural safeguards mandated by the due process clause. *Taylor* v. *Robinson,* 171 Conn. 691, 698, 372 A.2d 102.

Section 4-177 (b) (4) of the UAPA requires that a party in a contested case be furnished a "short and plain statement of the matters asserted." This court has stated that the notice of charges against a party whose rights are to be adjudicated by an agency must state the charges with sufficient particularity so that he is fairly apprised of the nature of the charges and may prepare his case. *Murphy* v. *Berlin Board of Education,* supra, 374.

The reason given by the board in the present cases was that the reported performance of the plaintiffs did not meet the standards of teaching

expected in the Stamford public school system. The record does not reveal any requests for further statements of reasons.

At the hearings, however, no testimony was offered concerning reasons for the nonrenewal of the plaintiffs' contracts. At each plaintiff's hearing, the board simply offered two documents as *"neutral* exhibits [emphasis added]," the first being the plaintiff's personnel file and the second being "Procedures for . . . Teacher Assessment (dated August 8, 1972)." Thereafter, nothing further was offered to show what in the personnel files or what in the assessment procedures was considered as grounds for the nonrenewal, or to establish what "standards" were not met, or to indicate in what way there was a failure to meet the "standards of teaching."

"The right to a hearing embraces not only the right to present evidence but also a reasonable opportunity to know the claims of the opposing party and to meet them." *Morgan* v. *United States,* 304 U.S. 1, 18, 58 S. Ct. 773, 82 L. Ed. 1129. The record fails to reveal the presentation of any reason for the nonrenewals other than the formal introduction at the hearing of the plaintiffs' personnel files and the teacher assessment procedure manuals.

We conclude that the reasons advanced for the nonrenewals were insufficient to constitute due process and that the plaintiffs did not receive a "hearing" which met statutory and due process standards.

The board next claims that remand, not reinstatement, was the proper remedy. Section 4-183 (g) (3) of the UAPA permits the reviewing court to reverse or modify the agency's decision if that agency's decision was made on unlawful procedure. The

question of appropriate remedy was specifically before us in *McDermott* v. *Commissioner of Children & Youth Services,* supra, 444. In *McDermott,* the trial court concluded that the hearing before the administrative agency did not comply with the standards of fairness and impartiality required by due process and ordered the plaintiff teacher reinstated. On appeal, this court concluded that the trial court proceedings were conducted without reference to the applicability of the UAPA and that there was no way of knowing what remedy the court might have fashioned had the UAPA been brought to its attention. We remanded the case to the Court of Common Pleas "to determine whether the matter should be further remanded to the agency, or whether the court, upon a finding that one of the six criteria of Section 4-183 (g) applies, should reinstate its order of reinstatement." Id., 446. Thus, we there recognized that, pursuant to the UAPA, reinstatement of a teacher may be an appropriate remedy within the discretion of the trial court.

Moreover, a court-ordered hearing held years after a plaintiff's employment was improperly terminated does not make good the wrong done. The wrong which such a plaintiff suffers is not merely the denial of a proper hearing—he also suffers the deprivation of his employment without procedural due process and in violation of the statute. "[W]here . . . protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." *Bell* v. *Hood,* 327 U.S. 678, 684, 66 S. Ct. 773, 90 L. Ed. 939. The proper relief for the present wrongs is to grant reinstatement. See *Coppolla* v. *Personnel Appeal Board,* 174 Conn. 271, 386 A.2d 228.

Furthermore, where there is, as a matter of law, but a single course of action which the defendant board can legally take, the court may direct the administrative agency to take that course of action which is legally required. *Bogue* v. *Zoning Board of Appeals,* 165 Conn. 749, 345 A.2d 9; *Walker* v. *Jankura,* 162 Conn. 482, 491, 294 A.2d 536; *Watson* v. *Howard,* 138 Conn. 464, 470, 86 A.2d 67; *Executive Television Corporation* v. *Zoning Board of Appeals,* 138 Conn. 452, 457, 85 A.2d 904. Upon reinstatement, the agency would be free, if it chooses, to initiate new proceedings, consistent with the statute and due process, to terminate employment. We conclude that the trial court did not err in ordering reinstatement.

In ordering reinstatement, however, the trial court also ordered "back pay and benefits lost since termination." These appeals were taken pursuant to the provisions of § 4-183 of the UAPA. Subsection (f) provides that "[t]he review shall be conducted by the court without a jury and shall be confined to the record." The statute does not permit the court to take any evidence. The court can only order that additional evidence, if required, be taken by the agency. General Statutes § 4-183 (e).[3] Since an evidentiary hearing will be necessary to determine the amount of back pay and benefits lost since termination, less any mitigating compensation

[3] "[General Statutes] Sec. 4-183. . . . (e)   If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court."

received in the interim, a remand to the agency is required for that purpose. *Coppolla* v. *Personnel Appeal Board,* supra.

There is error in part, the judgments are set aside and the cases are remanded for the rendition of judgments returning them to the board of education of Stamford to be proceeded with according to law.

In this opinion the other judges concurred.