J. PHILIP KING *v.* PERSONNEL APPEAL BOARD ET AL.

COURT OF COMMMON PLEAS    HARTFORD COUNTY    FILE NO. 130194

Memorandum filed May 19, 1978

*Arnold I. Menchel,* for the plaintiff.

*Carl R. Ajello,* attorney general, and *Christina G. Dunnell,* assistant attorney general, for the named defendant.

SATTER, J. The plaintiff has appealed from a decision of the defendant personnel appeal board, dated June 1, 1976, which upheld the action of the employment security division of the department of labor laying off the plaintiff.

The facts are as follows: The plaintiff on April 18, 1975, was employed in the employment security division of the labor department as an employment service technology reemployment specialist. He

was, on that date, notified that he was being terminated on May 8, 1975, "as a result of termination of the MDTA program of the Federal Government coupled with elimination of related funding." On May 16, 1975, he was approved to be placed on the reemployment list as a manpower specialist and on May 28, 1975, he was placed on that list. The action of being so placed implied that the plaintiff was qualified for that position and that the position was in a class comparable to that of his former position. The defendant, in its brief, concedes this implication. Vacancies existed in the position of manpower specialist before the plaintiff's layoff and, although the plaintiff applied for the job after being notified of his layoff, he was not transferred or hired. He filed a grievance based on the failure of the labor department to transfer or reemploy him as a manpower specialist. Ultimately a hearing was held by the personnel appeal board on February 17, 1976, on the basis of which that board reached the decision of June 1, 1976, from which the appeal to this court has been taken.

The personnel appeal board found that the plaintiff "was laid off in accordance with § 5-241" of the General Statutes and that while he had "an absolute entitlement to be rehired from the reemployment list in the classification from which he had been laid off," i.e., employment service technology reemployment specialist, "he has no absolute entitlement to be rehired from the reemployment lists of those classes which contain his name," i.e., manpower specialist, even though "a determination has been made that he has the ability to qualify for such classes."

In that finding and conclusion the defendant personnel appeal board erred. Section 5-241 (b) provides that when a state employee in the classified service has been laid off as a result of insufficient

appropriation or abolition of position, "[t]he personnel commissioner shall arrange to have the employee transferred to a vacancy in the same or a comparable class or in any other position the employee is qualified to fill in any department, agency or institution."

While it is conceded by the defendant that the plaintiff was qualified as a manpower specialist and that vacancies did exist in that position at the time the plaintiff was terminated, the personnel commissioner did not arrange to have the plaintiff transferred to that position. Rather, the personnel commissioner placed the plaintiff on a reemployment list for that position along with two other persons and the plaintiff was not chosen from the list for hire.

Section 5-241 (b) states specifically, however, that only "[i]f there is no vacancy available or the employee refuses to accept the transfer" to the position for which he is qualified shall the personnel commissioner place the employee's name on the reemployment list. The personnel commissioner failed to arrange for the plaintiff's transfer to the then vacant position of manpower specialist and also failed to offer him the position. Instead the commissioner put him on the reemployment list and forced him to compete with two others for that position. In so doing the personnel commissioner acted contrary to § 5-241 (b).

The defendant personnel appeal board further erred in failing to apply § 5-228-1 (b) of the Regulations of Connecticut State Agencies. That regulation provides that "[n]o appointment [to permanent positions in the classified service] is to be made hereunder until laid-off employees eligible for rehire and qualified for the position involved are

offered reemployment." As stated above, the plaintiff was eligible for rehire and qualified for the position of manpower specialist, but others were appointed.

The defendant contends that that regulation is not applicable because it became effective on July 11, 1975, which was after May 8, 1975, when the plaintiff was laid off. The regulation was effective, however, while the plaintiff's grievance from his layoff was pending and well before the defendant held its hearing on the plaintiff's grievance on February 17, 1976, and reached its decision on June 1, 1976.

It is important to note that the defendant personnel appeal board is an integral part of the administrative process determining the plaintiff's right to transfer or reemployment. It has the power under § 5-202 (c) of the General Statutes "to direct appropriate remedial action and shall do so after taking into consideration just and equitable relief to the employee and the best interests and effectiveness of the state service." A state employee's appeal of his grievance to the personnel appeal board is a continuation of the administrative process. Such an appeal is distinguishable from an appeal of that board's decision to the courts. The courts, since they are a different department of government, are cautious in invading the decisional domain of administrative agencies. Moreover, while the courts might be reluctant to overturn an agency's decision on the basis of a regulation which became effective after the agency's final decision, the regulation in this case became effective before the agency's final decision and the agency should have applied the current regulations in reaching its decision.

Particularly, the personnel appeal board should have applied § 5-228-1 (b) of the Regulations of Con-

necticut State Agencies to the plaintiff's case in view of the facts (1) that the regulation, although not adopted before the plaintiff's layoff, became effective during the pendency of the plaintiff's grievance and while the plaintiff was actively seeking to get the labor department to reemploy him as a manpower specialist, and (2) that the refusal of the labor department to do so was one of the specific grounds for the plaintiff's appeal to the board.

As a consequence, the plaintiff was entitled either to be transferred to the position of manpower specialist, pursuant to § 5-241 (b) of the General Statutes, or to be reemployed in that position, pursuant to regulation 5-228-1 (b), and the defendant personnel appeal board erred in not so directing.

When an employee is ordered reinstated by the courts, the Supreme Court has recently decided in *Adamchek* v. *Board of Education,* 174 Conn. 366, 372, that the case should be remanded to the administrative agency to determine "the amount of back pay and benefits lost since termination, less any mitigating compensation received in the interim."

The appeal is sustained and the case remanded to the defendant board to determine appropriate damages payable to the plaintiff.