[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
This action is an administrative appeal brought by the plaintiff, New England Dairies, Inc. (NED), from the decision of the Commissioner of Agriculture of the State of Connecticut (Commissioner).
NED alleged in its appeal that the Commissioner ordered a hearing to consider the application of Farmland Dairies, Inc. (Farmland) for a license to sell and distribute milk in the State of Connecticut. NED alleged that the Commissioner issued a formal "Notice of Hearing" on May 29, 1990, setting the hearing date for September 25, 1990. At the request of Farmland, the hearing date was postponed until November 1, 1990.
NED alleged that the hearing began on November 1, 1990 at which time NED was granted intervenor status but not party status as NED had requested.
While the hearing was in progress before a hearing officer, NED alleged that the Commissioner, acting independently of the hearing, issued a license to Farmland. The hearing officer, upon being advised of the action of the Commissioner, adjourned the hearing.
NED, in appealing the decision of the Commissioner, claims that the issuance of a license to Farmland constituted a final decision under Conn. Gen. Stat. sec. 4-183 (a). NED alleged that the decision by the Commissioner is arbitrary, capricious, and an abuse of discretion.
NED has alleged in its complaint that it is aggrieved by the decision of the Commissioner because "[a]s a licensed milk dealer in this state, NED has a protected interest in its business and in a milk market free from unfair or illegal inspection (and) (t)he license of Farmland will cause NED to suffer a loss of revenue from unfair or illegal competition. . . ."
NED claims that it has exhausted all of its administrative remedies.
NED seeks to have the decision by the Commissioner, to issue a license to Farmland, vacated and set aside.
The Commissioner moves to dismiss this action on two grounds. First, the Commissioner claims that NED is not an aggrieved party for the purpose of taking this appeal; and second, that the action of the Commissioner was not the subject CT Page 4537 of a contested case.
Farmland moved to be joined as a party defendant in this action. That motion was granted by this court. Farmland also supports the Commissioner's motion to dismiss this action. Farmland claims, as does the Commissioner, that NED is not an aggrieved party, and in addition claims that NED had no statutory right to be heard at the scheduled hearing; that the issuance of a license to Farmland was not an agency determination in a contested case; and that NED did not exhaust its administrative remedies.
Conn. Gen. Stat. sec. 4-183 sets the jurisdictional requirements for NED to appeal the Commissioner's decision of granting a license to Farmland. "A person who has exhausted all administrative remedies available within the agency, and who is aggrieved by a final decision may appeal to the superior court. . . ." Id.
The first issue is whether or not the action of the Commissioner in issuing the license to Farmland was a final decision in a contested case.
The definition of "contested case" means a proceeding "in which the rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." Conn. Gen. Stat. sec. 4-166 (2). Taylor v. Robinson,171 Conn. 691, 696-97 (1976).
The Commissioner argues that there was no contested case involving this matter since under the Milk Marketing Act (Chapter 431 of the General Statutes, Part 2, sec. 22-204, et. seq.) there is no express provision for a hearing in order to issue a license. However, before the Commissioner can refuse a license to an applicant, a hearing is required. See sec. 22-234.
NED does not disagree with the Commissioner that the Commissioner can issue a license without a hearing. However, NED's claim is that once the Commissioner decides to hold a hearing pursuant to sec. 22-234, a "contested case" definition attaches.
In order to determine whether or not a "contested case" definition has attached to an administrative proceeding, we must consider three criteria: "(1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." Herman v. Division of Special Revenue, 193 Conn. 379, 382 (1984). CT Page 4538
NED purports to claim that the hearing ordered by the Commissioner was for its benefit in giving NED an opportunity to show that Farmland should not be granted a license by the Commissioner. This view of the purpose of the hearing is not in accord with what a hearing, such as this was to accomplish. Basically, the hearing in this case was to permit Farmland to be heard if the Commissioner was of a mind to refuse its application for a license.
"A `hearing' is generally defined as a `[p]roceeding of relative formality . . . generally public, with definite issues of fact and of law to be tried, in which . . . parties, proceeded against have [a] right to be heard . . . .' (Emphasis added.) Black's Law Dictionary (5th Ed.)." Id. at 382-383.
In order for NED to qualify the hearing in this case as a hearing of its rights, NED must be able to identify a statutory or regulatory right to be heard by this agency. Id. p. 383. See also Taylor v. Robinson, supra 697-98.
Although sec. 22-234 provides a statutory right for Farmland to be heard if its application for a license was going to be refused by the Commissioner, we have not been furnished with any parallel right, either statutory or regulatory, which would provide NED with a right to contest the issuance of a license by the Commissioner to Farmland. The legislature has made no such provisions for third parties to contest the granting of a license under the Milk Marketing Act, supra.
In the case of Herman v. Division of Special Revenue, supra, a hearing by the Division of Special Revenue (Division) was held at the request of the plaintiff who was ejected from the Milford Jai Alai as a patron. After the hearing the Division denied the plaintiff's reinstatement as a patron. The plaintiff appealed that decision to the superior court. A motion to dismiss the action was granted on the appeal that the hearing was gratuitous since no statute or regulation required such a hearing. The plaintiff sought to have the court in Herman interpret section 4-166 (2) that where a hearing was in fact held, this hearing would be a contested case. Id. at 382. The court in Herman stated, at p. 385, that after an examination of the state agency regulations, it concluded that there existed no procedure for the Division to either eject or reinstate a patron. "[T]he proceeding lacked the essential element of a `right to be heard,' . . . and did not qualify as a `hearing in fact held.' Consequently, there was no contested case to which the provisions of the UAPA might apply." Id. at 387.
The distinction between the present case and the CT Page 4539 Herman case, supra, is that in Herman no statute or regulation authorized a hearing. In the present case, section 22-234 does authorize a hearing; and a hearing was in fact held pursuant to this section of the statute (22-234).
The issue refines itself to the question of whether a party who has been granted intervenor status in a hearing held for the benefit of another party has standing to appeal a decision in favor of the other party.
In Mystic Marinelife Aquarium, Inc. v. Gill,175 Conn. 483 (1978), a party sought approval to construct a floating dock in the Mystic River from the Commissioner of Environmental Protection (Commissioner). The Commissioner referred the application to a hearing officer who conducted a public hearing on the application. Mystic Marinelife Aquarium, Inc. (Mystic) was allowed to intervene in the hearing. Although the hearing officer recommended denial of the application, the Commissioner approved the application. Mystic then appealed the Commissioner's decision. The facts in the Mystic case are analogous to the present case. The distinction in the Mystic case from the present case is that Mystic was found to have standing pursuant to Conn. Gen. Stat. sec. 22a-19[1] and sec. 25-17 (sections of the statutes dealing with environmental protection laws authorizing an aggrieved party to raise environmental issues). Mystic did not have standing to raise issues other than the limited environmental issue. Id. at p. 500. See Connecticut Water Co. v. Beausoleil, 204 Conn. 38, 44-45 (1987).
In order for NED to challenge the issuance of the milk permit by the Commissioner, NED would have to point to some statutory or regulatory authority which permits a challenge to the issuance of a license similar to a challenge to raise environmental issues. This is so because "[w]hen standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded. Flast v. Cohen, supra, 99-100. The concepts of `standing' and `legal interest' are to be distinguished. The legal interest test goes to the merits, whereas `standing' concerns the question `whether the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question.' Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 153, 90 S.Ct. 827,25 L.Ed.2d 184; see Ducharme v. Putnam, 161 Conn. 135, 139,285 A.2d 318." Mystic Marinelife Aquarium, Inc. v. Gill, supra, p. 492. CT Page 4540
We conclude that there is no statutory authority which gives NED standing to contest the application of Farmland for a license, including a hearing by the Commissioner called for the sole purpose of giving Farmland an opportunity to be heard on the rejection of its application.
The second issue in this case is whether or not NED is an aggrieved party to the proceedings before the Commissioner on Farmland's application for a license.
NED's claim of aggrievement is that it has a "protected interest in its business and in a milk market free from unfair and illegal inspection." See NED's complaint para. 23. NED further claims that it will "suffer a loss of revenues from unfair or illegal competition — competition characterized by the very same conduct through which Farmland has been deceiving, defrauding and imposing upon producers and consumers in other jurisdictions."
Both the Commissioner and NED agree that a party seeking to establish aggrievement in an administrative proceeding must pass a two-fold test. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 299 (1987). First, the party "`must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' Cannavo Enterprises, Inc. v. Burns, 194 Conn. 43, 47, 478 A.2d 601 (1984); Bakelaar v. West Haven, 193 Conn. 59, 65, 475 A.2d 283 (1984)." State Medical Society, supra, at 299-300.
NED rests its determination of being an aggrieved party on State Medical Society, supra.
In State Medical Society, supra, at p. 297, the Podiatry Board for the State of Connecticut issued a declaratory ruling stating that the treatment of ankle problems was within the scope of podiatry practice since an ankle was part of the foot and the foot part of the ankle.
The Connecticut State Medical Society, and an orthopedic physician in Connecticut, appealed this declaratory ruling to the Superior Court pursuant to Conn. Gen. Stat. sec.4-183. The trial court dismissed the appeal on lack of aggrievement. CT Page 4541
The court, in State Medical Society, supra, at 303, concluded that the orthopedic physician had standing to appeal the declaratory ruling because of his allegations that his anticipated loss of revenues would come from competition that was unfair or illegal resulting from the ruling of the Podiatry Board.
NED claims that its allegations are the very same as in State Medical Society, supra. NED, as a licensed milk dealer, asserts that the issuance of a milk dealer's license to Farmland rendered NED an aggrieved party because
 "As a licensed milk dealer in this state, NED has a protected interest in its business and in a milk market free from unfair or illegal competition. The licensing of Farmland will cause NED to suffer a loss of revenues from unfair or illegal competition characterized by the very same conduct through which Farmland has been deceiving, defrauding, and imposing upon producers and consumers in other jurisdictions."
Paragraph 23 of NED's complaint.
The Commissioner asserts that the State Medical Society case dealt with the intrusion by a licensed community of podiatrists invading the entire licensed community of physicians, not the license to sell milk which would have an economic effect upon a competitor. However, the State Medical Society case stands for the proposition that where a party has been issued a license to practice in a state, or as in this case a license to sell milk, this right becomes a property right or in the nature of a property right. State Medical Society, supra at 300. Thus, NED has the right to show that it has a specific personal and legal interest which has been specially and injuriously affected by the decision of the Commissioner. Id. "Aggrievement is established if `there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected.'" O'Leary v. McGuinness,140 Conn. 80, 83, 98 A.2d 660 (1953). Hall v. Planning Commission, 181 Conn. 442, 445, 435 A.2d 975 (1980)." Id. at p. 300.
On the second prong of aggrievement, State Medical Society holds that a license granted by the state can be specially and injuriously affected by an improper invasion of the right to operate under that license, and also where the ruling of the Commissioner would result in a loss of revenue from competition that is unfair or illegal. Id. at p. 303. CT Page 4542
Whether or not NED can sustain the allegations that it is an aggrieved party remains to be determined at a future hearing. However, for the purpose of this motion, NED has alleged sufficient grounds to be an aggrieved party for the purpose of this appeal.
Farmland claims that NED has not exhausted its administrative remedies and is not therefore entitled to appeal the action of the Commissioner.
Farmland claims that Conn. Gen. Stat. sec. 22-248[2]
requires that any person aggrieved by an order of the Commission may file for reconsideration.
Farmland looks at section 22-248 as a mandatory requirement that a party must petition for reconsideration prior to taking an administrative appeal. We fail to read "may" as "must" in section 22-248 as does Farmland.
Conn. Gen. Stat. sec. 4-183 (c) of the Uniform Administrative Procedures Act (UAPA) provides, in pertinent part, that an appeal under the UAPA shall be instituted within forty-five days after mailing of the final decision of the agency or, if a rehearing is requested, within forty five days after the decision thereon. As in section 4-183 (b), we see no inconsistency in section 22-248 providing for a rehearing or reconsideration. A rehearing or reconsideration is not mandatory prior to taking an appeal from a final decision in a contested case. Conn. Gen. Stat. sec. 4-183 (a). To require an aggrieved party in every case to seek a rehearing or reconsideration prior to taking an appeal would nullify the UAPA's provision for an appeal, and would have too bizarre results. See Connecticut National Gas Corporation v. DPUC, 1 Conn. App. 1, 4 (1983); Ardmore Construction Co. v. Freedman, 191 Conn. 497, 503 (1983).
We find no basis to support Farmland's contention that NED failed to exhaust its administrative remedies.
Accordingly, since we fail to find that the subject of this appeal was a contested case from which an appeal would lie, the motion to dismiss is granted.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT