[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff, Moon Hee Yoo, had a license to practice medicine in Connecticut, which expired on July 31, 1982. On September 3, 1987, the plaintiff applied to the defendant, State of Connecticut Department of Health Services ("the "Department"), for reinstatement of her license, which reinstatement was not granted.
On January 19, 1989, the plaintiff submitted an "Application for Temporary License, for Practice solely in any state facility" to the Department. The temporary license was granted for a period of one year and expired on February 16, 1990. The plaintiff again applied for reinstatement of her license. In March of 1990 the plaintiff, the defendant, and the State Board of Medical Examiners signed a Stipulated Agreement which reinstated the plaintiff's license subject to certain conditions, including the following: the plaintiff could practice only at Berkshire Woods Treatment Center; the plaintiff would complete at least 100 hours of continuing education that had been preapproved by the Department, which completion will occur no later than December 30, 1991; and the plaintiff will take the Special Purpose Examination offered by the Federation of State Medical Boards and obtain a score of at least 75, no later than March, 1991.
The plaintiff was represented by counsel when she entered into the aforementioned stipulated agreement, which further provided:
 That if the respondent does not successfully and timely complete the conditions specified above, the respondent's license shall be revoked, provided that the Respondent shall receive timely notice of her non-compliance and shall CT Page 5912 have five business days to remedy such non-compliance prior to revocation. Notice of revocation shall be sent to the respondent's address of record (most current address reported to the Licensure and Registration Section of the Division of Medical Quality Assurance of the Department of Health Services). The respondent waives any right to a hearing on the issue of violation of the terms of this Agreement.
 That any deviation from the term(s) above without prior written approval by the Department of Health Services shall constitute a violation of this agreement.
 That this Stipulated Agreement and terms set forth herein are not subject to reconsideration, collateral attack or judicial review under any form or in any forum. Further, that said agreement is not subject to appeal or review under the provisions of Chapters 54 or 368a of the General Statutes of Connecticut, provided that this stipulation shall not deprive the respondent of any rights that the respondent may have under the laws of the State of Connecticut or of the United States. (emphasis added)
The plaintiff took the Special Purpose Examination in September, 1990 and March, 1991 and did not receive a score of at least 75. The defendant terminated the plaintiff's reinstatement of license, effective May 17, 1991, due to her failure to comply with a condition of that reinstatement.
The Department has moved to dismiss this action on the grounds that this court lacks subject matter jurisdiction because this is not an appeal from a final decision in a contested case.
The Uniform Administrative Procedure Act (UAPA), Connecticut General Statutes, 4-166 through 4-189, applies to all non-exempted agency matters and provides uniform rules governing appeals from agency decisions. Administrative Appeals exist only under explicit statutory authority. Not every decision by an administrative agency is subject to appeal. Without statutory authorization, this court lacks jurisdiction to entertain an appeal. Rybinski v. State Employees' Retirement Commission, 173 Conn. 462, 472, 378 A.2d 547 (1977); Taylor v. Robinson, 171 Conn. 691, 372 A.2d 102 (1976).
The plaintiff claims that this appeal was property taken pursuant to Connecticut General Statutes 19a-22 which provides: "Any practitioner aggrieved by any decision or order of a board or commission or the department may appeal therefrom in accordance with the provisions of section 4-183." The plaintiff CT Page 5913 argues that the term "any decision or order" in 19a-22 negates the provision of 4-183(a) that an appeal must be from "a final decision."
It does not appear that 19a-22 has been previously construed by any court in this state. However, this court has construed a similar statute. In Temple Medical Center v. Conn. Commission on Hospitals and Health Care, Docket No. 23 02 73, Judicial District of New Haven, February 13, 1985, Hadden, J., the plaintiff appealed under Connecticut General Statutes19a-158 which provided: "Any health care facility or institution . . . aggrieved by any decision of said commission under the provisions of sections 15a-145 to 19a-156, inclusive, may appeal therefrom in accordance with the provisions of section 4-183 . . ." The court found that 19a-158 provided for appeal "in accordance with section 4-183" and therefore all of the requirements of 4-183 apply.
The plaintiff argues, in essence, that all requirements of4-183 should apply to appeals under 19a-22, except the "final decision" requirement of 4-183(a). However, the language of19a-22 does not provide any exception for 4-183(a). The legislature could easily have inserted such an exception. Under the interpretation urged by the plaintiff, this court could be asked to review even the most perfunctory decisions of a commission or board, which are made without any necessity for a hearing and for which there is no record for review. This court does not believe that the legislature intended such a result in enacting 19a-22. This court finds that all requirements of4-183 apply in an appeal under 19a-22.
Under 4-183 the plaintiff has the right to judicial review of an administrative decision only if she has exhausted all administrative remedies and is aggrieved by a final decision. Connecticut General Statutes 4-166 defines a "final decision" as follows:
 (A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176 or (C) an agency decision made after reconsideration. The term does not include a preliminary or intermediate ruling or order of an agency, or a ruling of an agency granting or denying a petition for reconsideration."
The plaintiff's situation does not fall under any section of this definition. The plaintiff does not contend that she is appealing from a declaratory ruling or a decision made after reconsideration. Moreover, determination by the Board of CT Page 5914 Medical Examiners to conditionally reinstate the plaintiff's license does not qualify as a "contested case", the definition of which is given under Connecticut General Statute 4-166:
 (2)"Contested case" means a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity, for hearing or in which a hearing is in fact held . . . .
The test for deciding when there is a contested case question has three criteria:
1) whether a legal right, duty or privilege is at issue,
 2) and is statutorily required to be determined by the agency,
 3) through an opportunity for hearing or in which a hearing is in fact held.
Herman v. Division of Special Revenue, 193 Conn. 379, 382,477 A.2d 119 (1984). The issue in the present case is whether the defendant is statutorily required to provide the opportunity for hearing to a physician who has submitted an application for reinstatement, because her license has lapsed.
Connecticut General Statute 19a-14(a) gives the defendant the authority to determine the eligibility of candidates for licensure. Regulations of Connecticut State Agencies 19a-14-1 through 19a-14-5, set out the standards for the evaluation of candidates with previous licensure, whose licenses have become void pursuant to Connecticut General Statutes 19a-88(f).
Those regulations do not give an applicant the right to a hearing on the reinstatement of a license that has been voided pursuant to Connecticut General Statutes 19a-88(f).
The defendant has conceded that under 4-182 of the Connecticut General Statutes, the revocation of a medical license cannot be effective without giving the licensee an opportunity to prove compliance with licensure requirements, within the framework of a contested case. However, the defendant argues that its action did not constitute a revocation of the plaintiff's license, but rather the termination of the plaintiff's conditional reinstatement. This court agrees.
The defendant did not revoke the plaintiff's license. It merely notified the plaintiff that her conditional license had expired by its own terms, due to the plaintiff's failure to meet CT Page 5915 a condition to which she had previously agreed while she was represented by counsel. The plaintiff had no statutory right to a hearing prior to the defendant making a determination that she violated a condition of the Stipulated Agreement. Therefore, the defendant's action was not a final decision in a contested case and the plaintiff has no right to judicial review of that decision.
For the foregoing reasons, the motion to dismiss is granted.
By the Court,
Aurigemma, J.