[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Connecticut Employees Union, Inc. and Livingston Adler, Pulda Meiklejohn, P.C. appeal a decision of the defendant Department of Insurance (department) approving a merger between Anthem Insurance Companies, Inc. and Blue Cross and Blue Shield of Connecticut, Inc. (BCBS) and the resulting change of control of Anthem Health Plans Inc. and Connecticut American, Inc.[1] The plaintiffs are policyholders and voting members of BCBS and were granted intervenor status in the proceedings before the department. The department acted under General Statutes § 38a-132, and the plaintiffs appeal under §§ 38a-139 and 4-183. For the reasons set forth below, the court finds the issues in favor of the defendants.
The plaintiffs raise two grounds in this appeal. They claim that the record shows that the merger is unfair and unreasonable CT Page 11205 to them as policyholders, and they claim that they were denied procedural due process rights as interveners. On the bases of these grounds, the plaintiffs request that the department's decision approving the merger and the resulting acquisition be reversed.
In November 1996, and pursuant to General Statutes § 38a-130, BCBS and Anthem Insurance Companies filed an application with the department for approval of their proposed merger and the resulting change in control of Anthem Health Plans, Inc. and Connecticut American, Inc. On June 2, 1997, the hearing officer appointed by the commissioner granted the plaintiffs intervener status pursuant to General Statutes § 4-177a(b), limiting their participation to issues relating to whether the plans or proposals pertaining to BCBS and Anthem as a result of the merger were unfair or unreasonable to the policyholders of BCBS. (Return of Record (ROR), Binder II, B-50). After notice, the department held an evidentiary hearing before a hearing officer on June 24, 25, and 26, 1997. On June 26, 1997, public comment was heard. Written testimony was submitted through July 1, 1997. On July 31, 1997, the hearing officer submitted his proposed final decision which was adopted by the commissioner on that date. This appeal followed on September 8, 1997.
On September 16, 1997, the court vacated its ex parte order granting a stay and denied the plaintiffs' application for a stay under General Statutes § 4-183. On November 25, 1997, the court denied the defendants' motion to dismiss, finding that the plaintiffs as policyholders met the test of aggrievement. On February 24, 1998, the court denied the plaintiffs' motion to present additional evidence under § 4-183(h). The parties filed briefs, and oral argument was heard on August 20, 1998.
The scope of the court's review of the department's decision is limited by statutory and case law.
 Judicial review of [an administrative agency's action] is governed by the Uniform Administrative Procedure Act (General Statutes, c. 54, §§ 4-166 through 4-189), and the scope of that review is very restricted . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, CT Page 11206 or in abuse of [its] discretion.
(Citations omitted; internal quotation marks omitted.) Board ofEducation v. Freedom of Information Commission, 208 Conn. 442,452 (1988).
"Substantial evidence exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred." (Internal quotation marks omitted).Redden v. Kozlowski, 45 Conn. App. 225, 228 (1997). The plaintiff bears the burden of proof on this issue. "Rather than asking the reviewing court to retry the case de novo . . . the plaintiff must establish that substantial evidence does not exist in the record as a whole to support the agency's decision." (Citations omitted; internal quotation marks omitted). Newtown v. Keeney,234 Conn. 312, 319 (1995).
Before determining if there is substantial evidence in the record to support the department's decision, the court addresses the plaintiffs' claims that they were denied procedural due process. Those claims, as briefed, are 1) they were required to file briefs without the entire transcript in violation of General Statutes § 4-177(d)(5); 2) they were deprived of a reasonable opportunity to file written exceptions to the proposed decision and to make oral argument; 3) there is no indication that the commissioner read the record before issuing the decision; and 4) they were denied an opportunity by this court to add to the record regarding procedural irregularities. The plaintiffs raised the first three claims in the proceedings below. (ROR, Binder X, G-1, 2). The hearing officer rejected these claims. (ROR, Binder X, G-3).
If the department complied with the Uniform Administrative Procedure Act (UAPA) as to these claims, the plaintiffs' due process argument fails.
 [W]here a party appeals pursuant to the jurisdictional grant of the UAPA, the agency action is measured by the standards contained within the UAPA. McDermott v. Commissioner of Children Youth Services, 168 Conn. 435, 441, 363 A.2d 103. The procedures required by the UAPA exceed the minimal procedural safeguards mandated by the due process clause. Taylor v. Robinson, 171 Conn. 691, 698, 372 A.2d 102.
CT Page 11207 (Internal quotation marks omitted). Adamchek v. Board ofEducation, 174 Conn. 366, 369 (1978). The plaintiffs' first claim of procedural error is that the department violated General Statutes § 4-177(d) by requiring the filing of post trial briefs before the entire transcript was available. A reading of that statutory provision does not support this claim.
 (d) The record in a contested case shall include: (1) Written notices related to the case; (2) all petitions, pleadings, motions and intermediate rulings; (3) evidence received or considered; (4) questions and offers of proof, objections and rulings thereon; (5) the official transcript, if any, of proceedings relating to the case, or, if not transcribed, any recording or stenographic record of the proceedings; (6) proposed final decisions and exceptions thereto; and (7) the final decision.
The provision contains no requirement that the entire record be available to the parties for post trial briefing. Further, the plaintiffs were present and represented by counsel throughout the hearing. The department did not violate the UAPA by requiring the filing of post trial briefs before the entire transcript was available. Accordingly, the plaintiffs' rights to due process were not violated by this order. Further, the plaintiffs have suffered no material prejudice as a result of this order. SeeJutkowitz v. Department of Health Services, 220 Conn. 86, 94
(1991).
The plaintiffs' next two procedural claims relate to the procedural safeguards of General Statutes § 4-179. They argue they should have been allowed to file written exceptions to the proposed final decision and to make oral argument, and that the record is unclear as to whether the commissioner read the record. General Statutes § 4-179 reads,
 (a) When, in an agency proceeding, a majority of the members of the agency who are to render the final decision have not heard the matter or read the record, the decision, if adverse to a party, shall not be rendered until a proposed final decision is served upon the parties, and an opportunity is afforded to each party adversely affected to file exceptions and present briefs and oral argument to the members of the agency who are to render the final decision. CT Page 11208
 (b) A proposed final decision made under this section shall be in writing and contain a statement of the reasons for the decision and a finding of facts and conclusion of law on each issue of fact or law necessary to the decision.
 (c) Except when authorized by law to render a final decision for an agency, a hearing officer shall, after hearing a matter, make a proposed final decision.
 (d) The parties and the agency conducting the proceeding, by written stipulation, may waive compliance with this section.
Subsection (a) provides for the presenting of briefs and oral argument when the final decision maker has not "heard the matter" or "read the record."[2] Here, the order signed by the commissioner states,
 I, George M. Reider, Jr., Insurance Commissioner of the State of Connecticut, having read the record of the above captioned matter, do hereby adopt the findings and recommendations of Mark R. Franklin, Hearing Officer. . . .
(ROR, Binder X, G-7).
"Public officials are presumed to have done their duty until the contrary appears." Leib v. Board of Examiners for Nursing,177 Conn. 78, 84 (1979). There is nothing in the record to indicate that the commissioner did not read the record. Accordingly, there was no requirement for the department to provide the plaintiffs with the opportunity to submit written exceptions and to make oral argument. See Pet v. Department ofHealth Services, 228 Conn. 651, 672 (1994). The court finds no violation of the plaintiffs' rights to due process.
The final procedural claim by the plaintiffs is that this court erroneously denied their request to submit additional evidence as to the procedural irregularities. (Plaintiffs' Reply Brief p. 14). On December 8, 1997, the plaintiffs filed an application for leave to present additional evidence pursuant to General Statutes § 4-183(h).[3] As noted by the court in its decision denying the application, the criteria of § 4-183(h) have not been met: CT Page 11209
 The court has reviewed the entire record. The plaintiffs were provided with an opportunity to cross examine the Anthem and Blue Cross officers and witnesses fully on the issue of merger's fairness to the policyholders. (ROR, Binder VIII, pp. 9-10.) Further, the Commissioner's agents, Attorney Callahan in particular, cross examined these witnesses at length on issues members of the public had made known to the department. In addition, the record reflects that Attorney Callahan inquired into concerns the Commissioner had after reviewing the extensive revised Form A Statement and hearing the testimony of the Anthem/Blue Cross witnesses. The special assistant attorney general, Robert Dombroff, and the Commissioner's financial examiner, Robert Cawthon, also questioned the officers and witnesses of the Blue Cross and Anthem. Thereafter, the plaintiffs presented testimony by two witnesses on the issue of fairness to the policyholders. The department then presented its expert witness who had studied the Form A documents, filings, financial statements, industry reports and management of both Blue Cross and Anthem. The plaintiffs and defendants were allowed cross examination and closing arguments. Public comment followed and encompassed issues raised by the plaintiffs.
 After review of the entire record, the court concludes that these plaintiffs have failed to show that there were good reasons for their failure to present the evidence they now proffer on the issue of fairness to the policyholders. Accordingly, the court does not address the issue of materiality. These plaintiffs were actively involved in the hearing process and did not ask to present further evidence at the time of the hearing. The court notes that counsel for the plaintiffs vigorously and thoroughly presented the plaintiffs' position. The criteria of General Statutes § 4-183(h) have not been met.
(Memorandum of Decision dated February 24, 1998). Further, the CT Page 11210 statutory provision addressing procedural irregularities is General Statutes § 4-183(i), not (h), and there has been no motion filed under that provision. It is to § 4-183(i), and not 4-183(h), that Adriani v. Commission on Human Rights andOpportunities, 220 Conn. 307, 327 (1991), cited by the plaintiffs (Plaintiffs' Reply Brief 14), refers[4]. That case does not apply here. For the above reasons, the court finds that the plaintiffs have not been denied procedural due process as claimed.
The plaintiffs' argument on the merits is that the record does not support a finding that the merger and resulting acquisition is not unfair and unreasonable to them as policyholders. They argue, in the words of their counsel, that the department erroneously dubbed Anthem Insurance Companies as the white knight to rescue BCBS. Their argument will not prevail here in light of the deferential review this court must employ.
Under General Statutes § 38a-132(b), the commissioner of the department shall approve any merger or other acquisition of control unless, after a public hearing, he finds that
 (A) After the change of control, the domestic insurance company referred to in subsection (a) of this section would not be able to satisfy the requirements for the issuance of a license to write the line or lines of business for which it is presently licensed;
 (B) The effect of the merger or other acquisition of control would be to substantially lessen competition of insurance in this state or tend to create a monopoly herein;
 (C) The financial condition of any acquiring party is such as might jeopardize the financial stability of the insurance company or prejudice the interests of its policyholders;
 (D) The plans or proposals which the acquiring party has to liquidate the insurance company, sell its assets or consolidate or merge it with any person, or to make any other material change in its business or corporate structure or management, are unfair and unreasonable to policyholders of the insurance company CT Page 11211 and not in the public interest;
 (E) The competence, experience and integrity of those persons who would control the operation of the insurance company are such that it would not be in the interest of policyholders of the insurance company and of the public to permit the merger or other acquisition of control; or
 (F) The acquisition is likely to be hazardous or prejudicial to those buying insurance.
In the decision adopted by the department, the hearing officer addressed each of the six statutory criteria, referring in his findings to the documentary and testimonial evidence in the record. (ROR, Binder X, G-7, pp. 34-60). The plaintiffs refer to evidence that contradicts or does not support the department's conclusion in particular as to § 38a-132(b)(1)(D) that the merger is not unfair or unreasonable to the policyholders. As to the plaintiffs' claims that they are not adequately compensated, the quality of service will be reduced and the social welfare purpose of the company is eliminated, there is evidence in the record to support the hearing officer's reasons for finding the merger is not unfair or unreasonable. (ROR, Binder X, G-7, pp. 53-55).
 In reviewing [a department of environmental protection] decision made pursuant to the act, the reviewing court must sustain the [department's] determination if an examination of the record discloses evidence that supports any one of the reasons given. . . . The evidence, however, to support any such reason must be substantial; [t]he credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency. . . . This so-called substantial evidence rule is similar to the sufficiency of the evidence standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . and to provide a more CT Page 11212 restrictive standard of review than standards embodying review of weight of the evidence or clearly erroneous action. . . . The United States Supreme Court, in defining substantial evidence in the directed verdict formulation, has said that it is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . . The reviewing court must take into account [that there is] contradictory evidence in the record . . . but the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence. . . .
(Emphasis added; internal quotation marks omitted). Newtown v.Keeney, 234 Conn. 312, 319-20 (1995), quoting Samperi v. InlandWetlands Agency, 226 Conn. 579, 587-88 (1993). The plaintiffs claim that they have not been adequately compensated because the merger allows a transfer of the surplus without any guarantee or contractual obligation to the policyholders that they will benefit from the transfer. As noted above, there is evidence that contradicts their claim. Further, the department's orders provide for a review before any of BCBS surplus is transferred to Anthem. (ROR, Binder X, G-7, Order pp. 1-2).
As to the claims that the merger dilutes the plaintiffs' voting rights and that the merger is materially different from that approved by the BCBS voting members, even assuming these claims are true, the hearing officer could properly conclude that the merger should be approved under § 38a-132(b)(1). The hearing officer addressed the former claim and concluded,
 While the current BCBS members will comprise only 21% of the current total voting power of Anthem, as TS noted, in the future as in the past, CT Blue members would be voting as members in a Blue Cross and Blue Shield organization presumably with the same common goals as the members of other Blue Cross and Blue Shield organizations. Presumably, the primary interests of members in a Blue Cross and Blue Shield organization are not their voting rights, but their ability to buy health insurance at CT Page 11213 competitive a cost.
(ROR, Binder X, G-7, pp. 50-51). As to the latter claim, there is nothing in General Statutes § 38a-132(b)(1) that requires the department to consider whether the policyholders voted in favor of the merger in its determination. Moreover, as to the specific changes in the merger proposal after the policyholder meeting, the failures of mergers in New Jersey and Delaware and the threatened litigation as to charitable set asides in Ohio and Kentucky, the department was aware of both of these events at the time of its decision. (ROR, Binder X, G-7, pp. 7, 10-11, 22, 48). The sixty two page proposed decision adopted by the department contains a thorough discussion of the evidence in the voluminous record and detailed conclusions as to the statutory criteria.
 The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion. (Citations omitted; internal quotation, marks omitted.) Board of Education v. Freedom of Information Commissioner, 208 Conn. 442, 452, 454 A.2d 106 (1988). Judicial review is intended to assure that the action is fundamentally fair. Feinson v. Conservation Commission, 180 Conn. 421, 429, 435 A.2d 980 (1980).
Joyell v. Commissioner of Education, 45 Conn. App. 476, 489
(1997).
The plaintiffs also claim that the report of the independent consultant retained by the department was based upon improper data and should not have been relied upon by the hearing officer. At the hearing, plaintiffs' counsel vigorously cross examined Mr. Townsend on some of the bases for the report.
 A reviewing court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented. . . .
(Internal quotation marks omitted). Pet v. Dept. of HealthServices, 228 Conn. 651, 668 (1994). Further, it is clear from the proposed final decision that the Townsend Schupp report was not the sole basis for the findings approving the merger. CT Page 11214
Under General Statutes § 4-183, this court cannot substitute its judgment for that of the department. The question before the court is not whether it agrees with the department's decision but whether the record supports the department's decision.
 We have consistently held that de novo review is inappropriate for review of the factual findings of administrative agencies. DeBeradinis v. Zoning Commission, 228 Conn. 187, 199, 635 A.2d 1220
(1993); Samperi v. Inland Wetlands Agency, supra, 587; Calandro v. Zoning Commission, 176 Conn. 439, 440, 408 A.2d 229 (1979).
Adriani v. Commission on Human Rights Opportunities,228 Conn. 545, 551 (1994). Here the findings of the department underlying its conclusion to approve the merger are supported by substantial evidence in the record. There has been no violation of the plaintiffs' rights to procedural due process. Therefore, the appeal is dismissed.
DiPentima, J.