[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1645
The petitioner brings this action in the form of a request for declaratory judgment alleging that the respondent Board is an "agency" within the statutory meaning of Conn. Gen. Stat. §4-166(1) and has adopted a parole agreement which is a "regulation" within the statutory meaning of Conn. Gen. Stat. § 4-166(13) without adhering to the requirements mandated by the UAPA, Conn. Gen. stat. § 4-168, et seq., the enforcement of which interferes with the petitioner's legal rights. The petitioner, after a conviction for murder, was sentenced on August 13, 1974 to an indeterminate twenty years to life. On November 19, 1995 he was released on parole upon signing a parole agreement specifying certain terms, rules and conditions of his parole. By order dated May 2, 1996 the petitioner was reimprisoned and on May 9, 1996 a hearing officer found probable cause that the petitioner violated conditions of his parole. On June 6, 1996 a parole revocation hearing was held at MacDougall Correctional Institution by a panel of the Board which revoked said parole because the petitioner violated the conditions thereof.
The petitioner herein has not contested that he was released on parole pursuant to Conn. Gen. Stat. § 54-125 and that provisions and conditions of such release may be required pursuant to Conn. Gen. Stat. § 54-126 and that such parole agreement was signed by the petitioner and subsequently the Board alleged violations of such agreement and returned him to imprisonment or that he has been duly heard and his parole revoked. Parham v. Warden, 172 Conn. 126, 131. There is no statutory requirement that the board consider the eligibility of any inmate for parole and the statute does not vest an inmate with the right to demand parole. Taylor v. Robinson,171 Conn. 691, 697. Likewise an inmate granted parole has no liberty interest to contest the failure to follow the terms of his parole. Liistro v. Robinson, 170 Conn. 116, 130. The board is invested with broad discretion to determine whether, in spite of a violation of the terms of parole, rehabilitation is or is not working. Morrissey v. Brewer, 408 U.S. 480, 479-80.
For the above reasons the petition is dismissed.
___________________________ Thomas H. Corrigan Judge Trial Referee CT Page 1646