DAVID HERMAN *v.* DIVISION OF SPECIAL REVENUE
(11030)

PETERS, HEALEY, PARSKEY, SHEA and MENT, Js.

Argued January 17—decision released June 12, 1984

*Richard M. Sheridan,* assistant attorney general, with whom were *Brian J. Comerford, Laura F. Muggeo,* assistant attorneys general, and, on the brief, *Joseph I. Lieberman,* attorney general, for the appellant (defendant).

*Stewart I. Edelstein,* with whom, on the brief, was *Richard L. Albrecht,* for the appellant (plaintiff).

MENT, J. This is an appeal and cross appeal from a judgment sustaining the defendant's denial of the plaintiff's request for reinstatement as a patron at a jai alai fronton.

The plaintiff, David Herman, was ejected from the Milford Jai Alai Fronton on or about June 22, 1979, by fronton personnel. The plaintiff, by letter, requested that the division of special revenue (hereinafter the division) reinstate him as a fronton patron and that a reinstatement hearing, if required, be held at the division's earliest convenience. The division acknowledged the request on March 10, 1980, stating, "[t]here is no statutory and/or regulatory requirement that the Division conduct a hearing regarding patron reinstatement. However, in an attempt to be fair . . . it is the Division's intention to grant your request." The division conducted a hearing on March 21, 1980, at which time evidence was taken, and the plaintiff appeared and testified on his own behalf. On April 10, 1980, the division denied the request stating that reinstatement was not in the best interest of the state or jai alai and that circumstances relative to the ejection had not materially changed since June 22, 1979.

The plaintiff appealed this decision to the Superior Court. The division then filed a motion to dismiss for lack of jurisdiction on the ground that the gratuitous hearing was not required by statute or regulation and therefore that its decision was not appealable. The

motion was denied by the court, *Wright, J.*, on July 9, 1980. The division raised the same issue at trial by way of a special defense. At trial, the court, *N. O'Neill, J.*, without addressing the issue of jurisdiction, dismissed the appeal "because the defendant's order denying plaintiff's reinstatement is a nullity and the court cannot order the defendant to grant reinstatement, for that too would be a nullity." The determinative issue on appeal is whether the plaintiff had a statutory right to a hearing which subsequently provided access to the court through the appeal provisions of the Uniform Administrative Procedure Act (hereinafter the UAPA). General Statutes §§ 4-166 through 4-189. This issue, being dispositive of the case, will be addressed first.

The UAPA "applies to all agencies and agency proceedings not expressly exempted." General Statutes § 4-185. The right to judicial review of an administrative decision under the UAPA is governed by § 4-183 (a) which provides in pertinent part: "A person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision in a *contested case* is entitled to judicial review by way of appeal under this chapter . . . ." (Emphasis added.)

An "agency" is defined for the purposes of the UAPA as "each state board, commission, department or officer . . . authorized by law to make regulations or to determine contested cases." General Statutes § 4-166 (1). The division of special revenue,[1] as established by § 12-557c of the General Statutes, is within the department of revenue services for administrative purposes only[2] and is responsible for implementing and adminis-

[1] General Statutes § 12-557c (c) provides: "Whenever the term commission on special revenue occurs or is referred to . . . it shall be deemed to refer to the division of special revenue . . . ."

[2] "[General Statutes] Sec. 4-38f. 'ADMINISTRATIVE PURPOSES ONLY,' DEFINED. AGENCIES ASSIGNED TO DEPARTMENTS FOR ADMINISTRATIVE PURPOSES ONLY; AGENCIES' POWERS; DEPARTMENTS' DUTIES. (a) An agency assigned to a department for administrative purposes only shall: (1) Exercise

tering the provisions of chapters 226 and 226b of the General Statutes. The division is empowered to adopt regulations governing the operation of jai alai frontons and to insure the integrity and security of fronton operations.[3] We assume for the purposes of this decision that the division of special revenue is an "agency."

A "contested case" is defined as "a proceeding, including but not restricted to rate-making, price fixing and licensing, in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." General Statutes § 4-166 (2); see *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 378 A.2d 547 (1977); *Taylor* v. *Robinson,* 171 Conn. 691, 372 A.2d 102 (1976). The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held. See *Taylor* v. *Robinson,* supra, 697.

The plaintiff urges this court to interpret § 4-166 (2) as defining as a "contested case" any proceeding in which "a hearing is in fact held."[4] A "hearing" is gen-

---

any quasi-judicial, rule-making or regulatory authority, licensing and policy-making functions which it may have independent of such department and without approval or control of the department; (2) prepare its budget, if any, and submit its budgetary requests through the department, and (3) hire its own personnel or enter into contracts, if authorized by law, or if the general assembly provides or authorizes the expenditure of funds therefor."

[3] General Statutes § 12-574 (j) states in relevant part: "The executive director . . . shall adopt regulations governing the operation of the tracks, stables, kennels and frontons, including the regulation of betting in connection therewith, to insure the integrity and security of the conduct of meetings held pursuant to this chapter."

[4] The plaintiff argues that *Rybinsky* v. *State Employees' Retirement Commission,* 173 Conn. 462, 378 A.2d 547 (1977), overruled *Taylor* v. *Robinson,* 171 Conn. 691, 372 A.2d 102 (1976), by redefining the test for a contested

erally defined as a "[p]roceeding of relative formality . . . generally public, with definite issues of fact and of law to be tried, in which . . . *parties proceeded against have [a] right to be heard . . . .*" (Emphasis added.) Black's Law Dictionary (5th Ed.). In order for a proceeding to qualify as a "hearing" for the purposes of § 4-166 (2), the party must have a statutory or regulatory right to be heard by the agency.[5] See *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 469–71, 378 A.2d 547 (1977).

At the time of the plaintiff's request for reinstatement the division had promulgated § 12-574-D25 (c) (2) which stated: "An association conducting jai alai games under license from the commission shall eject from its grounds all unauthorized persons, known undesirables, touts, persons believed to be bookmakers, persons under suspension or ruled off, persons of lewd or immoral character, and persons guilty of boisterous or disorderly conduct or other conduct detrimental to jai alai or the public welfare." Regs., Conn. State Agencies

case. The plaintiff's view clearly misconstrues the holding of *Rybinski.* A close reading indicates that the court concluded that there existed no *statutory requirement* that the legal right be determined by the agency. The court in *Rybinski* noted that, in contrast to *Murphy* v. *Berlin Board of Education,* 167 Conn. 368, 373, 355 A.2d 265 (1974), and *McDermott* v. *Commissioner of Children & Youth Services,* 168 Conn. 435, 439, 363 A.2d 103 (1975), there was no statutory requirement that a hearing be held, but even if such a hearing was required, the proceeding in question did not constitute a hearing.

[5] The dictum in *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 469–71, 378 A.2d 547 (1977), should not be interpreted as altering the definition of "contested case." A "contested case" is "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." General Statutes § 4-166 (2). The phrase "required by statute to be determined" applies both where there is an opportunity for a hearing or where a hearing is actually held.

§ 12-574-D25 (c) (2).[6] Except for the quoted section, there existed no additional statutory or regulatory enactments which provided for patron ejectment or

[6] Regs., Conn. State Agencies § 12-574-D25 was subsequently amended and now states:

"Sec. 12-574-D25. SECURITY

"(a) Director of Security. Every Association shall employ a full time director of security who shall be licensed by the executive director. The duties of the director of security are as follows:

"(1) Supervise the entrance to and exit from every gate within the grounds of the Association at all times during the scheduled meeting of said Association.

"(2) See that all entrances to the players quarters are secured one (1) hour before the first game of a program and remain secured throughout the performance.

"(3) Supervise all security personnel in the constant search for undesirables and expulsion of same from the facility during a meeting.

"(4) Investigate and report to both the division and the Association any action or allegation of action on anyones' part which may endanger the honest operation of any phase of the meeting.

"(5) Enforce all division and Association rules whether the violator is a patron or employee, and assist in the apprehension of offending parties and expulsion of same, if requested by either the Association or the division.

"(6) Preclude the admission of any person not authorized by the division to the players' quarters, excepting those duly licensed by the division such as players under contract to the association, attendants, ball boy, ball or basket maker, registered physician or nurse.

"(b) Daily Police Report. The fronton security police and any other law enforcement agency employed by the association to act in, on or about the licensed premises of any fronton shall furnish two (2) copies of their daily police report, together with any additional pertinent information available to the said police agency. The two copies shall be mailed to the division at the close of each meeting day, or furnished to the division immediately upon demand. The association shall likewise furnish the division with copies of any other police reports of which it comes into actual possession.

"(c) Minors Prohibited.

"(1) No association or person shall knowingly permit any minor to enter a fronton during a performance at which wagering is taking place. Excepted from this rule are minors sixteen years of age or older properly licensed by the division, provided written permission from a parent or guardian of such minor is filed with the division.

"(2) An association shall be fined not more than fifty dollars per violation if any minor is found at its fronton in violation of this regulation.

"(d) Weapons, Alcoholic Beverages and Drugs.

"(1) No person shall carry or display on the premises of the association any firearm, knife with blade of three inches or longer, of [sic] other dan-

reinstatement.[7] Section 12-574-D25 (c) (2) was directed solely to those licensed associations under the division's jurisdiction. Furthermore, an examination of the regulations in force at the time; Regs., Conn. State Agencies § 12-574-D1 et seq.; indicates that the rules and regulations were directed to "associations," or "licensees" together with their employees and the players. Although the division had authority to order the association to comply with its regulations, the trial court was correct in concluding that "[t]here exists no procedure for the commissioner to either eject or reinstate a patron."

---

gerous weapon, unless as a law enforcement officer or association security employee.

"(2) No person shall possess at any fronton, any alcoholic beverage unless the beverage is purchased on the premises.

"(3) No person shall possess at any facility, any narcotic, or other controlled substance unless under written prescription by a licensed physician."

[7] The division has since promulgated Regs., Conn. State Agencies § 12-574-D35, (effective November 22, 1982) which provides for patron ejectment and reinstatement:

"(a) Ejection. Through its Director of Security or his duly authorized representatives an Association shall eject from its grounds all unauthorized persons, known undesirables, touts, persons believed to be bookmakers or connected with bookmakers, person whose license are revoked or under suspension, ejected persons, persons of lewd or immoral behavior, and persons engaging in boisterous or disorderly conduct or other conduct which may be detrimental to jai alai or the public welfare. Likewise, the Division on its own initiative may eject such aforesaid persons.

"(b) Division Notification. It shall be the duty of each Association, through its Director of Security, to notify the Division of all ejections and arrests, giving name and address of the ejectee and the specific nature of the offense.

"(c) Ejectee Notification. Every person ejected by the Association or the Division shall be notified in writing of his ejection and the specific reasons therefor. All ejection notices shall contain appropriate language informing the person ejected of his right to a hearing and the procedures involved. If ejected by an Association a copy of the ejection notice issued by the Association shall be immediately filed with the Division.

"(d) Ejection Hearing. Any person ejected by either the Association or the Division shall have the right to a hearing by the Division concerning the propriety of such ejection upon request to the Division within seven (7) days of the ejection. Such hearing shall be held pursuant to Division Rules of Practice and Hearing Procedures.

Although the "reinstatement hearing" exhibited the characteristic elements of a hearing in that evidence was presented, witnesses were heard, and testimony was taken in an adversarial setting,[8] the plaintiff has failed to demonstrate that the division was statutorily required to determine the eligibility for reinstatement

"(e) Ejectee Reinstatement.

"(1) Any person ejected by either the Association or the Division shall have the right to a hearing to show reasons why he should be readmitted to the Association facility and such ejection should be terminated. Such hearing shall be held pursuant to Division Rules of Practice and Hearing Procedures.

"(2) The Division has the authority to conduct a reinstatement hearing either on its own motion or upon the written petition of the party ejected. As soon as practicable the Division shall schedule a hearing and notify the ejectee of the place, date, and time thereof and the procedures involved.

"The Division may order the appearance of any licensee at this hearing who in its opinion may be necessary for the efficient administration of justice. After the hearing the Division may either uphold the ejection, modify it in any manner or order the ejectee's reinstatement. In any case written notice of the Division's findings and decisions thereon shall be promptly delivered to the ejected person and the Association.

"(3) An Association may on its own reinstate a person and must immediately file a copy of its reinstatement notice with the Division. The Division reserves the right within three (3) business days of receipt of notice to approve or disapprove said reinstatement, and no Association reinstatement will be effective until the end of this period. Any person whose Association reinstatement has been disapproved shall be so notified in writing by the Division. This notice shall inform said person of his right to a hearing before the Division concerning the circumstances of his ejection and the Division's determination to disapprove his reinstatement.

"(f) Effect of Ejection. Anyone who has been ejected or whose license has been suspended or revoked by the official regulatory body having jurisdiction where the offense occurred, whether within or without the State of Connecticut, shall be denied admission to or attendance at all facilities licensed by the Board or operated by the Division until duly reinstated or until the matter has been otherwise determined by the Division."

[8] See, e.g., *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 470, 378 A.2d 547 (1977); *Lawrence* v. *Kozlowski,* 171 Conn. 705, 708, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977) (testimony and exhibits presented at a departmental hearing); *State* v. *White,* 169 Conn. 223, 229, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975) (defendant's personal appearance, testimony of witnesses); see generally Davis, Administrative Law (3d Ed.) § 7.01.

of an ejected patron. Therefore, the proceeding, lacking the essential element of a "right to be heard," remained gratuitous and did not qualify as a "hearing in fact held." Consequently, there was no contested case to which the provisions of the UAPA might apply.[9] See *Rybinski* v. *State Employees' Retirement Commission,* 173 Conn. 462, 378 A.2d 547 (1977); *Taylor* v. *Robinson,* 171 Conn. 691, 372 A.2d 102 (1976). As such the trial court had no jurisdiction to entertain the plaintiff's appeal and the dismissal was proper.

"Where the trial court reaches a correct decision but on mistaken grounds, this court has repeatedly sustained the trial court's action if proper grounds exist to support it." *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978).

There is no error.

In this opinion the other judges concurred.

---

[9] For the purpose of this decision, we need not decide whether patron reinstatement constitutes a legal right within the scope of General Statutes § 4-166 (2).