[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The court previously declined to decide the defendant's motion to dismiss and instead deferred its decision until the trial of the merits of the plaintiffs' appeal. Upon motion of the defendant, the court has reconsidered that previous ruling and now decides the motion. The court finds the issues for the defendant.
The plaintiffs appeal from the action of the defendant commissioner of environmental protection in issuing a permit to the defendant Tallmadge Brothers Inc., to dredge the waters of the Housatonic River and install pilings off property owned by the plaintiffs on Shore Road in Stratford. The defendant commissioner of environmental protection moves to dismiss the appeal on the grounds (1) that the court lacks subject matter jurisdiction because the commissioner's action was not taken in a contested case within the meaning of section 4-183 (rev'd. to January 1, 1989); and (2) that the court lacks subject matter jurisdiction because the plaintiffs are not aggrieved by the defendant commissioner's action.
CONTESTED CASE
Section 4-183 (a) of the general statutes provides a right of appeal of a final decision by a state agency "in a contested case." Section 4-166 (2) defines a "contested case" as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." In Herman v. Division of Special Revenue, 193 Conn. 379, 383 (1984); the court held that "[i]n order for a proceeding to qualify as a `hearing' for the CT Page 9079 purposes of section 4-166 (2), the party must have a statutory or regulatory right to be heard by the agency."
The plaintiffs claim in this case that a hearing was held by the defendant commissioner pursuant to Conn. Agencies Regs. 22a-3a-1 (7)(A)(2). That regulation provides simply that "[t]he Commissioner may hold investigative hearings for the purpose of . . . receiving information concerning any matter which reasonably may be the subject of regulation by the department." (Emphasis added). Such a discretionary proceeding, however, is clearly not "required by statute," as provided in section 4-166 (2) of the statutes, nor does that regulation confer on the plaintiffs "a regulatory right to be heard" as specified by the court in Herman, supra. The plaintiffs' citation of Connecticut Air Service, Inc. v. Danbury Aviation Commission, 211 Conn. 690 (1989) is unavailing. As the defendant commissioner points out in her brief, that case involved revocation of the plaintiff's permits, and the hearing was not discretionary but, rather, was required by C.G.S. 4-182 (c).
In summary, there was no statutory or regulatory requirement of an administrative hearing in this case. For that reason, it was not a "contested case" within the meaning of C.G.S. 4-183, and the court has no jurisdiction to hear the appeal. The fact that the commissioner may have convened a discretionary proceeding at which the public was invited to make statements does not invoke the court's jurisdiction under the rule of Herman v. Division of Special Revenue, supra.
AGGRIEVEMENT
The plaintiffs claim they are aggrieved because the eastern boundary of their property, according to their deed, is "the deep water channel of the Housatonic River." The permit in question allows the defendant Tallmadge Brothers, Inc. to dredge and install pilings in that area of the river.
"Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. Hall v. Planning Commission, 181 Conn. 442 (1980). (Emphasis added). In the present case, however, the permit granted to Tallmadge Brothers, Inc. specifically avoids affecting the legally protected interests of anyone, including the plaintiffs. It reads, in relevant part, "[t]his permit is subject to and is not derogateate any present or future property rights or powers of the State of Connecticut, and conveys no property rights in real estate or material nor any exclusive privileges, and is further subject to any and all public and private rights and to CT Page 9080 any federal, state or local laws or regulations pertinent to the property or activity affected hereby." (Emphasis added). The plain effect of this permit is merely to remove any legal obstacle that the commissioner of environmental protection might interpose to prevent Tallmadge's activity but without overriding any rights that the plaintiffs or anyone else might have. Under these circumstances, there is no possibility that the plaintiffs' legally protected interests have been adversely affected by the defendant's decision. They are not, therefore, aggrieved.
In the absence of aggrievement, the court has no jurisdiction to hear the appeal. C.G.S. 4-183.
For all of the above reasons, the defendant's motion to dismiss is granted.
MALONEY, J.