[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs own property on the opposite side of the Darien River from property owned by the Darien Boat Club ("DBC"). The Commissioner of Environmental Protection ("Commissioner") granted an application filed by DBC for a permit to: 1) Increase the area in which DBC's docks could be situated, 2) to increase the length of DBC's docks; 3) to extend the fuel. dock 15 feet to the west; 4) to dredge and remove 10,800 cubic yard of material from the River; and 5) to drive pilings necessary to maintain the floating docks.
Prior to the granting of the application, the plaintiffs filed formal objections to the DBC application and requested that, 1) they be accorded party status; 2) a public hearing be held, and, 3) if a hearing was not held, that they be entitled to additional time to formulate written responses. The Commissioner granted the request that the plaintiff be accorded party status and denied the request for a public hearing and the request for additional time.
The plaintiffs have taken the present administrative appeal asserting that they are aggrieved by the action of the commission in specified respects. The Commissioner and DBC have filed motions to dismiss the appeal asserting that the court does not have jurisdiction to entertain the appeal on the grounds that the plaintiffs do not have a statutory right of appeal.
The appeal provisions created by statute are jurisdictional in nature and the failure to comply with such statutes renders an appeal subject to dismissal for want of jurisdiction. Tarnopol v. Connecticut Sitting Council, 212 Conn. 157, 163 (1989). The issue of jurisdiction having been raised, the Court is obliged to dispose of the question. Village Creek Homeowners Assn. V. Public Utilities Comm., 148 Conn. 336, 340 (1961).
The DBC filed an application for a permit to perform activities governed by General Statute 22a-361 which requires the Commissioner to undertake to publish notice of the application but does not require that a hearing be held with respect to the granting CT Page 8424 or denying of the application. A "hearing" is generally defined as a "proceeding of relative formality. . . generally with definite issue of fact and of law to be tried, in which the parties proceeded against have (a) right to be heard. Herman v. Division of Special Revenue, 193 Conn. 379, 383 (1984).
General Statutes 4-183 provides for a right of appeal to person who has been aggrieved by a "final decision of agency". "Final decision" is, in turn, defined as "an agency determination in a contested case" (emphasis supplied) General Statutes 4-166 (3). A "contested case" is, in turn, defined as a "proceeding. . .in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . ." General Statutes 4-166 (2).
A "contested hearing" status therefore requires that a legal right, duty or privilege be in issue which is statutorily required to be determined by the agency through an opportunity for a hearing. Herman v. Division of Special Revenue, supra, at 382; Reitzer v. Board of Trustees of State Colleges, 2 Conn., app. 196, 201 202 (1984).
The determination by the Commissioner of the application filed by DBC does not involve a statutorily mandated hearing and no hearing was, in fact, held. There is, therefore, no "final decision" within the meaning of our law from which an appeal is, authorized. Doyle v. Commissioner of Environmental Protection, 3 Conn., L Reptr. No. 18, 603 (April 29, 1991).
The granting of party status to the plaintiff by the Commissioner is unavailing. Such status does not make the plaintiffs a party whose rights "are required by statute" to be determined after a hearing within the meaning of General Statutes 4-166
(2).
Accordingly the Motions to Dismiss filed by the Commissioner and DBC granted.
RUSH, J.