[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal of the plaintiff's termination as Head of the Lottery Unit from the defendant State of Connecticut's Division of Special Revenue pursuant to Conn. Gen. Stat.4-183 (a). The plaintiff claims that he was summarily and improperly terminated from his job after sixteen years of employment with the Division of Special Revenue. The plaintiff claims that the proceedings surrounding his termination from the Division of Special Revenue failed to provide him adequate time to prepare and present his defense on his refusal to obey a direct order. The plaintiff further claims that his termination from the Division of Special Revenue was improper because at the time of his termination, only three of members of the Gaming Policy Board were present to vote on his termination from the agency. The Board, at that time, had two vacancies which had not been appointed by the Governor. The plaintiff claims that the Board cannot vote to approve or disapprove any agency action unless four voting members are present.
During the appeal hearing the defendant represented by the Office of the Attorney General, continued to dispute the denial of its Motion to Dismiss on November 29, 1990 by (Freed, J.). In that motion, the defendant claimed that the Superior Court lacked subject matter jurisdiction in reviewing the termination of the plaintiff from the Division of Special Revenue because the case could not be considered a "contested case" as that term is used in Conn. Gen. Stat. 4-166 (2), and lacking such status, does not qualify as the subject of an administrative appeal to this court under Conn. Gen. Stat4-183 (a). In denying the Motion to Dismiss, the Superior Court, after a review of the record held that the above-captioned case was a "contested case" because it satisfied the three required elements in Herman v. Division of Special Revenue, 193 Conn. 379 (1984).
I. FACTS
The petitioner, J. Blaine Lewis, was the Head of the Lottery Unit of the Division of Special Revenue for nine years. The Lottery Unit is responsible for running all of the State of Connecticut's legal lottery games. As Head of the Lottery Unit, the petitioner's immediate supervisor was the Executive Director of the Connecticut Division of Special Revenue, Mr. William V. Hickey.[1] In May of 1989, the Executive Director decided to CT Page 10048 propose to change the format of the Lottery's LOTTO game from a board game consisting of forty numbers over six to one consisting of forty-four numbers over six. The Executive Director then ordered the petitioner to take all steps necessary in implementing the change in the Lottery game formats, and ordered him to prepare to present these changes to the Gaming Policy Board. The petitioner refused to follow the Executive Director's orders for his own personal reasons,[2] and was relieved of his duties and place on a paid leave of absence by the Executive Director on May 18, 1989. On May 22, 1989, the petitioner was notified that a "pre-termination meeting" would be conducted before the Executive Director on May 24, 1989. After the pre-termination meeting, the Executive Director decided to recommend termination of the petitioner's employment to the Board for disobeying a direct order. On May 26, 1989, the Gaming Policy Board conducted a pre-termination meeting at which the petitioner and his counsel participated. After the meeting, the Gaming Policy Board voted to approve the Executive Director's recommendation to terminate the petitioner's employment. On June 1, 1989, the petitioner received written notice of his termination as Head of the Lottery Unit.
II. THE COURT'S DENIAL OF THE DEFENDANT'S MOTION TO DISMISS
On November 29, 1989, this court (Freed, J.) denied the defendant State of Connecticut's Motion to Dismiss after a detailed and thorough analysis of the legal issues presented The defendants had sought dismissal of the plaintiff's action, alleging the court lacked jurisdiction on the grounds that the proceedings surrounding the plaintiff's dismissal did not constitute a "contested case" as is required to invoke the court's jurisdiction under Conn. Gen. Stat. 4-183 (a).
The court noted that the appeal for judicial review in this matter required that the action be a "contested case" under4-183 (a), and examined the definition of "contested case" under the Connecticut Supreme Court's holding in Herman v. Division of Special Revenue, 193 Conn. 379 (1984). In considering the Motion to Dismiss, the court found that the proceedings surrounding the plaintiff's termination from the Division of Special Revenue met each of the three criteria set forth in Herman, supra, and was therefore a "contested case" meriting judicial review under 4-183 (a).
While this court is normally very hesitant about reviewing something that has been written by another judge, this court is sufficiently persuaded by the arguments presented to review the court's subject matter jurisdiction in the underlying matter pursuant to Conn. Gen. Stats. 4-166 (2) and 4-183 (a). CT Page 10049
III. SUBJECT MATTER JURISDICTION
The issue presented is whether this court has subject matter jurisdiction to review plaintiff Lewis' termination from the Division of Special Revenue. "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." 1. Restatement (Second), Judgments 11.; See Craig v. Bronson, 202 Conn. 93, 101
(1987). The court has a duty to dismiss any matter that it lacks jurisdiction to hear. Sasso v. Aleshin, 197 Conn. 87, 89
(1985); see Doe v. Heintz, 204 Conn. 17, 35 (1987).
There is no absolute right of appeal to the courts from the decision of an administrative agency. See Connecticut Bank Trust Co. v. CHRO, 202 Conn. 150, 154 (1987). Appeals from administrative agencies exist only under statutory authority. Id., Ardmare Construction Co. v. Freedman, 191 Conn. 497, 503
(1983).
The fact that another judge of this court has previously ruled upon the claim of lack of subject matter jurisdiction under 4-183 (a) does not prevent the court from reviewing the same issue on the basis of the judicial principle of "the law of the case." In Breen v. Phelps, 186 Conn. 86 (1982), the Connecticut Supreme Court found that a decision of the Superior Court which "effectively reversed the ruling of a coordinate judge" on the same issue was not error:
 "`A judge is not bound to follow the decisions of another judge made at an earlier stage of the proceedings and if the same point is again raised he has the same right to reconsider the question as if he had himself made the original decision.' Santoro Kleinberger, 115 Conn. 631, 638 (1932) . . . according to the generally accepted view, one judge may, in a proper case, vacate, modify, or depart from an interlocutory order or ruling of another judge in the same case, upon a question of law." 46 Am.Jur.2d, Judges 46; annot. 132 A.L.R. 14, 49.
 "The law of the case is not written in stone but is a flexible principle of many facets adaptable to the exigencies of the different situations in which it may be invoked . . . . New pleadings intended to raise again a question of law which has been already presented on the record and determined adversely to the pleader are not to be favored . . . But a determination so made is not necessarily to be treated as an infallible guide to the court in dealing with all matters subsequently arising in the cause."
CT Page 10050
Wiggin v. Federal Stock Grain Co., 77 Conn. 507, 516 (1905).
Under Conn. Gen. Stat. 4-183 (a), a party seeking an administrative appeal must be aggrieved by a final decision in a contested case to successfully invoke the court's jurisdiction. A contested case is defined as a "proceeding, . . ." in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for a hearing or in which a hearing is in fact held, . . ." Conn. Gen. Stats. 4-166 (2). (Emphasis added.) This court has jurisdiction to hear this case under Conn. Gen. Stat. 4-183 (a) (the Uniform Administrative Procedure Act, or UAPA) only upon a showing that the plaintiff's termination from the Division of Special Revenue constitutes a "contested case."
The Connecticut Supreme Court set out the test for "contested case" status in a UAPA appeal in Herman v. Division of Special Revenue, 193 Conn. 379 (1984). In Herman, the court established the test in determining if a matter is a contested case:
 The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held.
The court found that the plaintiff, who sought review of his ejection from a jai alai fronton, "failed to demonstrate that the Division [of Special Revenue] was statutorily required to determine the eligibility for reinstatement of an ejected patron." Id. at 386-7. As no statutory requirement existed to compel the Division of Special Revenue to determine the ejected patron's eligibility for reinstatement, the matter could not be considered a "contested case" under 4-183 (a).
In the present case, the defendant claims that, under the second part of the Herman "contested case" test, no statutory requirement exists compelling the Division of Special Revenue to review or provide a hearing regarding the plaintiff's termination, and that absent such statutory requirement this court lacks subject matter jurisdiction to hear the appeal. The defendant cites Taylor v. Robinson, 171 Conn. 691 (1976) and Rybinski v. State Employees' Retirement Commission, 173 Conn. 462
(1977), two supreme court cases where proceedings brought pursuant to the UAPA failed to meet the contested case test, and were dismissed for lack of subject matter jurisdiction.[3]
CT Page 10051
In the November 29, 1989 Memorandum of Decision on Defendant's Motion to Dismiss, the court, (Freed, J.), found that each of the three elements of the Herman "contested case" test were in fact met.
A. Whether a legal right, duty of privilege is at issue.
First, in examining "whether a legal right, duty or privilege is at issue," the court held that the plaintiff's employment as Head of the Lottery unit did involve a."legal right" or, at least, a "privilege." (See Memorandum of Decision on Defendant's Motion to Dismiss, pp. 8-11). The court noted that plaintiff's employment with the Division of Special Revenue was "subject to the provisions of General Statutes 4-1(a) which provides as follows:
 Unless otherwise provided by law, any appointed official of the state shall serve at the pleasure of the person or body authorized to make the appointment but no longer than the term of office such appointing authority or until such official's successor is appointed and qualified, whichever is longer.
Under 4-1 (a), the plaintiff, an unclassified employee, served at the pleasure of the Gaming Policy Board pursuant to Conn. Gen. Stat. 12-557 (c). This court does not take issue with the finding that the plaintiff's employment interest was at least a "privilege" if not a "legal right" satisfying the first part of the Herman test.
B. Whether the right, duty or privilege is statutorily required to be determined by the agency.
The Division of Special Revenue, in cooperation with the Gaming Policy Board, is empowered with implementing and administering the provisions of Chapters 226 and 226b of the Connecticut General Statutes, under the supervision of the Executive Director of that Division. Conn. Gen. Stats.12-557c, 12-562, Conn. Dept. Reg. 12-562-3a (See Memorandum of Decision on Defendant's Motion to Dismiss, p. 11). Conn. Gen. Stats. 12-562 holds that "[t]he executive director shall have power generally to do whatever is reasonably necessary for the carrying out of the intent of this chapter . . . ."
Yet, while the Executive Director, with the advice and consent of the Gaming Policy Board, is empowered to appoint unit heads under Conn. Gen. Stat. 12-557 (c) this court can find no statutory requirement that the Executive Director or the Gaming CT Page 10052 Policy Board must determine whether to continue to employ each unit head. In its Memorandum of Decision on the Defendant's Motion to Dismiss, the court interpreted the statute requiring the Executive Director to appoint unit heads to also require the Executive Director to determine whether to continue to employ each unit head. The court wrote: "This court must therefore find that Executive Director Hickey, with the advice and consent of the Board, was required by statute to determine whether to continue to employ Lewis as Head of the Lottery Unit of the Division of Special Revenue." (Memorandum of Decision, p. 12). In reviewing this determination, this court is unable to find any statutory language which supports such a conclusion. No where within the statutes cited[4] does the law say that the Executive Director and the Gaming Policy Board must determine whether to continue to employ employees such as the plaintiff. Section 12-557 (c) requires that the unit heads appointed by the Executive Director must be "unclassified" employees. Unclassified employees do not enjoy the protections afforded classified employees, who are often employed under collective bargaining agreements between organized labor unions and the state. Unit heads in the Division of Special Revenue such as the plaintiff serve "at the pleasure" of the Executive Director and the Gaming Policy Board pursuant to Conn. Gen. Stat. 4-1(a) supra. In reviewing Sections 4-1(a) and 4-183(a), this court notes that "if the `statutory language is . . . clear and unambiguous . . courts cannot, by construction, read into such statutes provisions which are not clearly stated.'" Chairman, Criminal Justice Commission v. Freedom of Information Commission217 Conn. 193, 200 (1991); citing Fraizer v. Manson, 176 Conn. 638,642 (1979). Had the Legislature intended for the Executive Director and the Gaming Policy Board to review and make determinations regarding each unit head's dismissal, it could have easily written such an intention into the statute. But it did not. It is not within the power of this court to draw inferences from a statute which are simply not supported in the text. Absent such specific statutory language, this court must therefore find that the second part of the Herman "contested case" test is not met. No such statutory duty or obligation exists. This court need not go further and will not pass on the third part of the Herman "contested case" test, "whether a hearing was in fact held."
I. CONCLUSION
This court finds this not to be a"contested case" under Conn. Gen. Stat. 4-183 (a). Therefore, it lacks subject matter jurisdiction to hear this appeal. (See Taylor, supra; Rybinski supra.)[5]
For the reasons stated above, the court dismisses this CT Page 10053 appeal.
Norko, J. FOOTNOTES