[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiff appeals decisions of the defendant Department of the Treasury (Treasury) and defendant Department of Administrative Services (DAS) which denied his claim under a reclassification grievance for retroactive salary. This appeal is brought pursuant to General Statutes 4-183 of the Uniform Administrative Procedure Act (UAPA). The defendants have moved to dismiss the appeal on the basis that the plaintiff's claims before the state agencies did not constitute a "contested case' within the meaning of the UAPA and, therefore, the court lacks subject matter jurisdiction under those statutes. The court agrees with the defendants' position.
The essential procedural facts and the plaintiff's claims are as follows. The plaintiff is a member of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO, Council #4.
From January 1989 until February 1990, he worked for the Second Injury Fund of the Treasury as a temporary employee providing computer programming assistance and other functions.
In February of 1990, after 13 months of service as a temporary employee, the plaintiff was hired as a permanent employee in the position classification of a clerk-typist. The plaintiff claims that from February 1990 until March 20, 1991, he performed the duties of a Computer Programmer I at the request, direction and encouragement of his supervisors at the Department of Treasury. The plaintiff claims that his supervisors induced him to perform these duties by repeatedly assuring him that he would be adequately compensated for such work despite the fact that he continued to be payed at the level of clerk-typist.
On March 18, 1991, over one year after his hiring as a permanent employee, the plaintiff filed a reclassification grievance seeking compensation at the level of Computer Programmer I pursuant to Article 15A of the collective bargaining agreement between the State of Connecticut and his chapter of AFSCME. In response to the plaintiff's reclassification grievance, a Step II proceeding was conducted CT Page 10335 by the personnel administrator for the Treasury. The plaintiff's reclassification grievance was denied. The plaintiff then appealed to the Office of Labor Relations of defendant DAS for a Step III proceeding, which was granted. The Step III proceeding was held on June 21, 1991. The hearing officer found that the plaintiff had in fact performed the duties of a Computer Programmer I and awarded 30 days of retroactive pay. The plaintiff then requested a Step IV proceeding on the issue of full back pay retroactive to February 1990. The request was denied by the defendant DAS on July 12, 1991. The defendant DAS asserted that the Step III award of 30 days of retroactive pay constituted the maximum award under the collective bargaining agreement between the plaintiff's labor union and the state, and that the plaintiff's grievance was therefore "closed." The plaintiff appeals these decisions denying him back pay retroactive to February 1990 and denying him a Step IV proceeding.
General Statutes 4-183 (a) (Rev'd 1991) provides a right of appeal of a final decision by a state agency. Section 4-166 (3) defines a "final decision" as an agency determination in a "contested case". Section 4-166 (2) defines a "contested case" as "a proceeding. . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . ." In Herman v. Division of Special Revenue, 193 Conn. 379, 383 (1984); the court held that "[i]n order for a proceeding to qualify as a `hearing' for the purposes of section 4-166 (2), the party must have a statutory or regulatory right to be heard by the agency."
The plaintiff claims in this case that a hearing was required and held by the defendant DAS pursuant to Regulations of Connecticut State Agencies 5-202-2 and 5-202-3. Those regulations were repealed, however, in 1981 and provide no support to the plaintiff's position. The plaintiff has pointed to no other statutory or regulatory requirement for a hearing on his reclassification grievance. Indeed, for members of AFSCME, the reclassification grievance procedure is entirely governed by the collective bargaining contract between the union and the state, not by statute or regulation.
In the absence of any hearing which was required to be held by statute or regulation, the case is not a "contested case" within the meaning of the UAPA, and the court is without jurisdiction to hear it.
For all of the above reasons, the defendants' motion to dismiss is granted. CT Page 10336
MALONEY, J.