[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
In this case, the plaintiff appeals the decision of the defendant Department, which granted a license to operate a check cashing service to a third party. The commissioner's action was taken pursuant to General Statutes 36-565. That statute provides that the state banking commissioner may grant a license to an applicant, after "investigat(ing) the facts," if he finds that the applicant "is in all respects properly qualified and of good character, that granting such license would not be against the public interest" and the applicant has liquid assets of at least $10,000. The statute does not provide any right to a hearing on the application nor does it afford anyone a right to appeal the commissioner's decision on an application. The plaintiff cites no statutory basis for its appeal, but presumably it is based on section 4-183 of the uniform administrative procedure act.
The defendant department moves to dismiss on the grounds that there is no statutory basis for the appeal nor is there a statutory right to a hearing, citing Rogers v. Commission on Human Rights and Opportunities, 195 Conn. 543 (1985) and Herman v. Division of Special Revenue, 193 Conn. 379 (1984). Thus, the defendant argues the court has no jurisdiction under the banking statutes or under the administrative procedure act. The court agrees for the reasons set forth in those cases.
The defendant's second basis for its motion is that the plaintiff has failed to allege or even plead aggrievement, and for that reason, it argues, the court lacks jurisdiction. The court agrees. See Bakelaar v. West Haven, 193 Conn. 59, 65
(1984).
Even if the complaint could be broadly interpreted as pleading aggrievement, the plaintiff's circumstances do not satisfy the test established by our courts. In Light Rigging Co. v. Department of Public Utility Control, 219 Conn. 168
(1991), the court held that "[t]he fundamental test for determining aggrievement encompasses a well-settled twofold determination: first, the party . . . must successfully demonstrate a specific personal and legal interest in the subject matter of the decision, as distinguished from a general interest such as is the concern of all members of the community as a whole. Second, the party . . . must successfully establish that the specific personal and legal interest has been specifically and injuriously affected by the decision." Id. 173 (citations omitted. In that case, the statute in question required the agency to consider the public need for another licensee. The court held, therefore that the plaintiff, who was CT Page 1759 an existing licensee, was entitled to be free of competition for which no need was shown, and this satisfied the second prong of the aggrievement test. In the instant case, however, the statutory criteria for a license do not include a demonstration of public need. The essence of the plaintiff's claim is that the defendant Department's decision will result in competition harmful to the plaintiff's business. Such an allegation is not sufficient to support the required claim of aggrievement. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295,301 (1987).
For all of the above reasons, the defendant's motion to dismiss is granted.
MALONEY, J.