[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant Commission moves to dismiss on the basis that the case is not a "contested case" as defined by General Statutes 4-166(2). That statute reads, in relevant part, as follows:
 (2) "Contested case" means a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . .
In this case, both parties agree that the defendant Commission was required by statute to determine the plaintiff's pension benefits. See Herman v. Division of Special Revenue,193 Conn. 379 (1984); Duffy v. State Employees Retirement Commission, et al, No. CV91 0399020 (Superior Court, Hartford, J.D., Feb. 21, 1992, Maloney, J.). The critical issues are (1) whether the applicable statutes required the Commission to hold a hearing before rejecting the plaintiff's claim and (2) whether General Statutes 4-183 and 4-166 require that a hearing be statutorily mandated in order to qualify a case as a "contested case" even in the instance where a hearing is in fact held.
The court has previously held that General Statutes5-155a(g), (j), and (k) require the Commission to hold a hearing, upon request, prior to determining a claimant's pension rights. Duffy v. State Employees Retirement Commission, supra. Accordingly, the court holds that this case is a "contested case," as defined by 4-166, on that basis.
As indicated in Duffy, supra, this court also interprets4-166 as defining a "contested case" to be any case
 (1) in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency; and
(2) after an opportunity for a hearing;
"or
in which a hearing is in fact held." CT Page 2259
(Emphasis added.)
In this case, the agency was required by statute to determine the plaintiff's pension rights and a "hearing (was) in fact held" on the issue. The case would be a "contested case," therefore, even if the agency was not required by statute to hold the hearing because the hearing was in fact held. To interpret the statute otherwise would be to deprive the word "or" and the clause it introduces of any meaning. This would, of course, violate the most elementary rule of statutory construction. "There is a presumption of purpose behind every . . . clause or phrase in a legislative enactment so that in construing it no part is treated as insignificant and unnecessary." Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 407 (1987), quoting CLP v. Costle, 179 Conn. 415,422 (1980); Peck v. Jacquemin, 196 Conn. 53, 66 (1985).
The motion to dismiss is denied.
Maloney, J.