[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant Commissioner of Environmental Protection moves to dismiss the appeal on the basis that the case is not a contested case as defined in General Statutes 4-166(2). The court has previously denied the motion, but the Commissioner requests the court to reconsider that ruling in the light of the Supreme Court's decision in Lewis v. Gaming Policy Board, 224 Conn. 693 (1943). The court has done so and now affirms its earlier decision denying the motion.
General Statutes 4-166(2) reads, in relevant part, as follows:
 (2) "Contested case" means a proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held. . . .
In Rybinski v. State Employees' Retirement Commission,173 Conn. 462 (1977), the Supreme Court held that the appeal did not involve a "contested case" because "[n]ot only was there no statutory requirement that `an opportunity for hearing' be provided, but . . . no hearing was in fact held by the commission." Id. 471.
In Herman v. Division of Special Revenue, 193 Conn. 379
(1984), the Supreme Court held that the appeal did not involve a "contested case" because, although a hearing was held, the state agency had no statutory duty to determine the plaintiff's legal rights or privileges. Id. 386.
In Lewis v. Gaming Policy Board, supra, the agency held CT Page 2354 a hearing but the Supreme Court ruled that the proceeding did not involve a contested case because, as in Herman, the agency did not have the statutory duty to determine the issues presented. The court held as follows:
 The "required by statute" language in 4-166(2), if construed according to its commonly approved usage, can only mean that before a proceeding qualifies as a contested case, an agency must be obligated by an act promulgated by the legislature to determine the legal rights, duties or privileges of a party.
Id. 706. (Emphasis added).
After finding that the agency did not have a statutory obligation to determine the plaintiff's legal right or privilege to continued employment, the Lewis court held as follows:
 On the basis of a plain reading of 4-166(2), which clearly manifests a legislative intention to limit contested case status to a proceeding in which an agency is statutorily required to determine a party's legal rights or privileges, we conclude that the proceeding terminating the plaintiff's employment was not a contested case.
Id. 709.
The Lewis case does not, therefore, change the interpretation of 4-166(2) from that given to the statute by the Supreme Court in Rybinski and Herman.
The present case, however, presents a procedural fact pattern which differs from that in Lewis, Rybinski, and Herman. In this case, unlike Herman, it is undisputed that the agency is statutorily required to determine the plaintiff's legal rights and privileges with respect to a water quality certificate for its proposed natural gas pipeline. It is also undisputed that there is no statutory requirement that the agency hold a hearing. However, unlike the situation in Rybinski, the agency did in fact hold a hearing on the plaintiff's request for the certificate prior CT Page 2355 to denying it. The case presents the court with the precise issue, therefore, that has not yet been decided by our appellate courts. The issue is whether a proceeding is a contested case when (1) the agency is required by statute to determine a party's legal rights or privileges; (2) no hearing is required by statute; but (3) a hearing is in fact held by the agency prior to making its determination.
In skeletal form, General Statutes 4-166(2) defines a contested case to be any case
 (1) in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency; and
(2) after an opportunity for hearing;
"or
in which a hearing is in fact held."
(Emphasis added).
In Lewis, supra, 706, the Supreme Court held that the phrase "required by statute" refers to the obligation of the agency to determine the plaintiff's legal rights and privileges. This court holds that that phrase does not mean that the agency hearing must be required by statute in order to create a "contested case." Rather, a proceeding is a "contested case" even if the agency is not required by statute to hold a hearing if (1) it is required by statute to determine the party's legal rights or privileges, and (2) the agency in fact holds a hearing. To interpret the statute otherwise would be to deprive the word "or" and the clause it introduces of any meaning. This would, of course, violate the most elementary rule of statutory construction. "There is a presumption of purpose behind every . . . clause or phrase in a legislative enactment so that in construing it no part is treated as insignificant and unnecessary." Zichichi v. Middlesex Memorial Hospital, 204 Conn. 399, 407 (1987), quoting CLP v. Costle, 179 Conn. 415, 422 (1980); Peck v. Jacquemin, 196 Conn. 53, 66 (1985).
To summarize, the present case is a "contested case" because the defendant Commissioner was required by statute to CT Page 2356 determine the plaintiff's legal rights and privileges and in fact held a hearing on those issues. It is immaterial, therefore, that the hearing which the Commissioner held was not required by statute.
The motion to dismiss is denied.
Maloney, J.