[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff in the present action is Bristol Hospital, located in Bristol, Connecticut. The defendant is the Commission on Hospitals and Health care [Commission], an agency of the state of Connecticut. On July 16, 1992, the plaintiff submitted a request to the Commission for an interim adjustment to its budgetary revenue caps for fiscal year 1993 pursuant to Conn. Dept. Reg. 19a-167g-81. On July 29, 1992, the Commission sent a letter to the plaintiff denying this CT Page 3009 request. By summons and complaint dated September 10, 1993, the plaintiff commences this administrative appeal against the Commission concerning the Commission's denial, in the absence of a hearing, of the plaintiff's request for an interim budget adjustment. On November 4, 1993, the Commission filed a motion to dismiss this action along with a supporting memorandum of law. On December 29, 1993, the plaintiff filed a memorandum of law in opposition to the Commission's motion to dismiss.
DISCUSSION
The Commission argues that the present appeal should be dismissed because the Commission's decision, from which the plaintiff appeals, is not a final decision in a "contested case" under General Statutes 4-166(2) and, therefore, the court lacks subject matter jurisdiction over the present action. In opposition to the motion to dismiss, the plaintiff argues that the Commission's denial of the plaintiff's request for an interim budget adjustment, in the absence of a hearing, was a final decision in a "contested case" over which the superior court has subject matter jurisdiction.
Pursuant to Practice Book 143, motions to dismiss are used to assert a lack of jurisdiction over the subject matter. The motion to dismiss "`properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Citations omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991). In deciding motions to dismiss, the complaint is "construed [by the court] most favorably to the plaintiff." American Laundry Machinery, Inc. v. State,190 Conn. 212, 217, 459 A.2d 1031 (1983).
The superior court's jurisdiction over administrative appeals is limited by statute: "`the UAPA [Uniform Administrative Procedures Act] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances.'" Summit Hydropower Partnership v. Commission of Environmental Protection, 226 Conn. 792, 800, ___ A.2d ___ (1993) quoting New England Dairies, Inc. v. Commissioner of Agriculture,221 Conn. 422, 427, 604 A.2d 810 (1992). Section 4-183 of the UAPA states, in pertinent part, that "[a] person who has CT Page 3010 exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the superior court . . . ." (Emphasis added.) General Statutes 4-183(a). Specifically, appeals from the decisions of the Commission on Hospitals and Health Care are governed by General Statutes19a-158: "Any health care facility or institution . . . aggrieved by any final decision of [the Commission] . . . may appeal in accordance with the provisions of [General Statutes] section 4-183." (Emphasis added.) Accordingly, the dispositive issue in the present action is whether the Commission's denial of the plaintiff's request for an interim budget adjustment without a hearing was a "final decision'" from which the plaintiff may appeal to the superior court pursuant to General Statutes 4-183.
The term "final decision" is defined by statute as "the agency determination in a contested case." (Emphasis added.) General Statutes 4-166(3)(A). A "contested case" is defined as a "proceeding . . . in which the legal rights, duties or privileges of a party are required by statute to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held." General Statutes 4-166(2). The criteria for determining contested case status was set forth in Herman v. Division of Special Revenue, 193 Conn. 379,477 A.2d 119 (1984):
 The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held.
Id., 382. In the present case, the key focus of this inquiry is whether the Commission is required by statute to determine, by hearing, whether the plaintiff should be granted an interim budget adjustment.
"The `required by statute' language in 4-166(2) . . . can only mean that before a proceeding qualifies as a contested case, an agency must be obligated by an act promulgated by the legislature to determine the legal rights, duties or privileges of a party." Citations omitted.) Lewis CT Page 3011 v. Gaming Policy Board, 224 Conn. 693, 700, 620 A.2d 780
(1993). "If the plaintiff's rights or privileges were not statutorily required to be determined by the agency in a hearing or after an opportunity for a hearing, a `contested case' would not exist and the plaintiff would have no right to appeal pursuant to 4-183(a)." Summit Hydropower Partnership v. Commissioner of Environmental Protection, supra, 802. In order to determine whether the commission was statutorily bound to provide a hearing in the present case, the court must "examine all the statutory provisions that govern the activities of the particular agency in question." (Citations omitted.) Lewis v. Gaming Policy Board, supra; see Summit Hydropower Partnership v. Commissioner of Environmental Protection, supra, 802-03.
General Statutes 19a-167g states that the Commission "shall adopt regulations . . . to implement, administer and ensure compliance with sections 19a-167 to 19a-167f, inclusive, and section 19a-167h and to establish hospital efficiency standards to be used in the budget review process pursuant to section 19a-167c." A number of regulations were established by the Commission to carry out this mandate. See Conn. Dept. Regs. 19a-167g-50 to 19a-167g-99. In particular, Conn. Dept. Reg. 19a-167g-81 governs the procedure for interim budget adjustments. Section (a) of this provision states, in pertinent part: "If in the course of the budget year, unforeseeable and material changes occur, the hospital should request adjustment of its previously authorized revenue caps pursuant to the provisions of this section." If a hospital or health care facility desires an interim adjustment to its budget, it must summit a complete request for such an adjustment, as defined in 19a-167g-81(c). Then, pursuant to subsection (f) of 19-a-167g-81,
 the commission shall give notice of the proposed adjustment by placing a notice of the proposed adjustment on the agenda of a regularly scheduled commission meeting and by also notifying interested persons who have requested such notice in writing for that fiscal year. The commission shall also announce receipt of said request at that commission meeting.
Further, Conn. Dept. Reg. 19a-167g-81(f)(1) provides that "[a] CT Page 3012 hearing on a proposed interim adjustment shall be held within forty-five (45) days of the commission's receipt of a complete proposal for an interim adjustment. Hearings held by the commission pursuant to this provision shall be conducted in accordance with the commission's Rules of Practice . . . ."
In Lewis v. Gaming Policy Board, supra, the Connecticut Supreme Court addressed the distinction between a hearing required to be held by regulation and one statutorily required:
 [W]hether a hearing qualifies for contested case status under 4-166(2) is a different inquiry from whether a hearing is required by a regulation to be held. Although an agency rule, policy or regulation may require a hearing, that hearing will not qualify the proceedings as a contested case unless the agency is statutorily required to determine the legal rights or privileges of the party aggrieved in that proceeding.
(Emphasis in original.) Id., 704, 05; see Summit Hydropower
Partnership v. Commissioner of Environmental Protection, supra, 808. Contested case status is essential because
 the legislature, rather than the agencies, has the primary and continuing role in deciding which class of proceedings should enjoy the full panoply of procedural protections afforded by the UAPA to contested cases, including the right to appellate review by the judiciary. Deciding which class of cases qualify for contested case status reflects an important matter of public policy and "the primary responsibility for formulating public policy must remain with the legislature."
(Footnote omitted; citations omitted.) Lewis v. Gaming Policy Board, supra, 709, quoting State v. Whiteman, 204 Conn. 98,103, 526 A.2d 869 (1987).
In the present case, the plaintiff argues that because (1) General Statutes 19a-167g states that the Commission CT Page 3013 "shall adopt regulations . . . to implement, administer and ensure compliance" with the statutes governing hospitals and health care, and (2) Conn. Dept. Reg. 19a-167g-81(f) states that "[a] hearing on a proposed interim adjustment shall be held within forty-five (45) days of the commission's receipt of a complete proposal for an interim adjustment," the Commission is statutorily bound to provide the plaintiff with a hearing on its interim budget adjustment request. On this basis, the plaintiff argues that the Commission's action was a final decision in a contested case from which the plaintiff may appeal to the superior court.
In accordance with the above discussion, construing the complaint most favorable to the plaintiff, the Commission is not statutorily required to grant the plaintiff a hearing on its interim budget adjustment request. To the contrary, the Commission is merely statutorily required to enact a regulatory scheme to implement, administer and ensure compliance with the statutes governing hospitals and health care. See General Statutes 19a-167g. While Conn. Dept. Reg.19a-167g-81(f) states that the Commission "shall" hold a hearing on interim budget adjustment requests, as stated in Lewis v. Gaming Policy Board, supra, 704-05, "whether a hearing qualifies for contested case status under 4-166(2) is a different inquiry from whether hearing is required by a regulation to be held. . . . [and] that hearing will not qualify the proceedings as a contested case unless the agency is statutorily required" to hold a hearing. (Emphasis in original.) In the present case, the Commission was not required by General Statutes 19a-167g, or any other statute, to hold a hearing on the plaintiff's request for an interim budget adjustment. Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted.
Hale, J.