## James Fetter *v.* Department of Revenue Services
### (12304)

Landau, Schaller and Spear, Js.

Argued April 4—decision released August 2, 1994

*Richard M. Sheridan,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellant (defendant).

*James J. Ruane,* with whom, on the brief, was *R. Joseph Gribko,* certified legal intern, for the appellee (plaintiff).

Landau, J. The defendant, the division of special revenue of the department of revenue services (division),[1]

---

[1] The defendant is the state department of revenue services, division of special revenue. "The division of special revenue, as established by § 12-557c of the General Statutes, is within the department of revenue services for administrative purposes only and is responsible for implementing and administering the provisions of chapters 226 and 226b of the General Statutes. The division is empowered to adopt regulations governing the operation

appeals from the judgment of the Superior Court sustaining the appeal of the plaintiff, James Fetter, and vacating the division's decision revoking the plaintiff's temporary license to play jai alai at licensed jai alai frontons in Connecticut. The division claims that the trial court improperly (1) applied the incorrect standard of review to the division's decision to revoke the plaintiff's license to play jai alai, (2) determined that a statement made by an absent third party was unreliable hearsay and, therefore, inadmissible, and (3) held that a specific regulation prohibiting a player from wagering on the results of jai alai games could not provide the basis for the suspension or revocation of the plaintiff's license.

The following facts are relevant to this case. In the fall of 1990, the legalized gambling investigation unit (LGIU) of the state police initiated an investigation of possible illegal gambling activities of certain licensed jai alai players in Connecticut. The LGIU received information that Scott Hyatt, a jai alai game announcer, was involved in illegal bookmaking. The investigators seized garbage from outside of Hyatt's residence. A search of the garbage produced three documents resembling gambling records that referred to the plaintiff. The LGIU then procured a search warrant of Hyatt's residence; this search yielded additional documents that resembled gambling records with the name of the plaintiff written on them. At the time of the search, Hyatt told the investigating officer, Detective Richard Zaccagnino, that he operated a sports betting operation during the 1990 football season for which he charged a fee for the placement of wagers, and that the plaintiff had placed wagers with him during that time. The

of jai alai frontons and to [e]nsure the integrity and security of fronton operations. We assume for the purposes of this decision that the division of special revenue is an 'agency.' " *Herman* v. *Division of Special Revenue*, 193 Conn. 379, 381–82, 477 A.2d 119 (1984).

plaintiff was licensed to play jai alai at the jai alai frontons in the state.

After a hearing, the division of special revenue found that the plaintiff had engaged in unlawful professional gambling activities while licensed as a jai alai player. Such activity, the division held, rendered the plaintiff's "continued participation in jai alai inconsistent with the public interest and with the best interest of jai alai generally pursuant to § 12-574-D9a (d)[2] of the Administrative Regulations [of Connecticut State Agencies], Operation of Jai Alai." On this basis, the division revoked the plaintiff's license to play jai alai, and denied him admission to and attendance at all facilities licensed by the gaming policy board and operated by the division of special revenue.

The plaintiff filed an appeal challenging the division's decision in the Superior Court. The trial court vacated the decision of the division on the grounds that the evidence consisted of unreliable hearsay statements. The trial court also concluded, in the alternative, that even if the evidence supported the division's conclusion that the plaintiff engaged in illegal gambling, such conduct could not constitute grounds for license revocation under § 12-574-D26 (k) of the regulations.[3] The division filed this appeal.

The division claims that the trial court improperly found that § 12-574-D26 (k) of the regulations, which

[2] Section 12-574-D9a (d) of the Regulations of Connecticut State Agencies, concerning the operation of jai alai, provides: "If the division shall find that the financial responsibility, character and general fitness of the licensee are such that the continued participation of such person will not be consistent with the public interest, convenience or necessity, and with best interest of jai alai generally, in conformity with the purposes of the act, it shall thereupon revoke or suspend said license."

[3] Section 12-574-D26 (k) of the Regulations of Connecticut State Agencies provides: "No player under contract at a fronton, or his wife or blood relatives, may wager money or any other thing of value on the results of games played at any board licensed fronton."

prohibits players from wagering on the results of jai alai games, cannot form the basis of the plaintiff's license revocation.[4] We agree.

The trial court stated in its memorandum of decision that the plaintiff's "license was not revoked pursuant to [§ 12-574-D26 (k)] but, rather, pursuant to §§ 12-574-D9a and 12-574-E6 (d) (B) (iii) of the division's regulations." Yet, the court concluded that because § 12-574-D26 (k) itemized specifically prohibited conduct—wagering by players on the results of the jai alai games—itemization should be deemed exclusive. The trial court held that because the regulations relied on by the division in revoking the plaintiff's license refer generally to licensees, as opposed to players, the statute containing the specific references to players' conduct should prevail over the general. The trial court then concluded that the plaintiff's conduct did not violate the specific regulation prohibiting wagering by jai alia players, and that, even if his conduct had violated General Statutes § 53-278b,[5] "such conduct would not constitute grounds for a license revocation under the division of special revenue's own regulations."

Judicial review of the division's decision is governed by the Uniform Administrative Procedure Act; General Statutes §§ 4-166 through 4-189. "With regard to

---

[4] Because we determine that the defendant's last claim has merit and reverse the judgment of the trial court on that basis, we do not address the defendant's remaining claims.

[5] General Statutes § 53-278b provides: "(a) Any person who engages in gambling, or solicits or induces another to engage in gambling, or is present when another person or persons are engaged in gambling, shall be guilty of a class B misdemeanor; provided natural persons shall be exempt from prosecution and punishment under this subsection for any game, wager or transaction which is incidental to a bona fide social relationship, is participated in by natural persons only and in which no person is participating directly or indirectly, in professional gambling.

"(b) Any person who engages in professional gambling shall be guilty of a class A misdemeanor."

questions of fact, it is neither the function of the trial court nor of this court 'to retry the case or to substitute its judgment for that of the administrative agency.' . . . 'Judicial review of conclusions of law reached administratively is also limited. The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of its discretion . . . .' " (Citations omitted.) *Griffin Hospital* v. *Commission on Hospitals & Health Care,* 200 Conn. 489, 496, 512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S. Ct. 781, 93 L. Ed. 2d 819 (1986). "[T]he court may not substitute its own balance of the regulatory considerations for that of the agency . . . ." *Connecticut Light & Power Co.* v. *Dept. of Public Utility Control,* 219 Conn. 51, 58, 591 A.2d 1231 (1991).

Applying the appropriate standard of review to the trial court's actions, we conclude that the trial court exceeded its restricted power. The court was required to determine whether, in light of the evidence adduced at the hearing, the division acted reasonably, objectively and within its discretion in revoking the plaintiff's license. Nevertheless, not only did the trial court weigh the evidence presented to the gaming board, and rule on it, but it also entertained new arguments from the plaintiff and applied a new regulatory scheme to the facts of this case. The gaming board did not base its decision to revoke the plaintiff's license on a violation of § 12-574-D26 (k) of the regulations. In fact, the board's decision makes no mention of this regulation. Therefore, for the court to hold, as it did, that the specificity of this regulation precludes the division from revoking the plaintiff's license because of his illegal gambling activities was an abuse of its discretion.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.